JOHN SARAHAS v. THOMAS P. FENLON, et al.

*Error from Wyandotte County.*

J. S. owned one hundred and two and three-fourths acres of land. Seventeen and one fourth acres of the tract lies within the corporate limits of the city of Wyandotte, the residue adjoining the city. He lives on that part of the land outside the city limits. The land in the city was sold on execution; *Held:* That the homestead of J. S. was on that part of the land outside the city, and that the land inside the city, was subject to forced sale under execution.

The opinion following, contains a sufficient statement of the facts of the case.

*M. B. Newman*, for plaintiff in error.

*Fenlon & Cobb*, for themselves.

*For plaintiff in error*, it was insisted.

1. The constitution and statutes of Kansas exempt a homestead to the extent of 160 acres of farming land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner. *Gen. Stat.*, 58, 59, 473.

2. Farming lands may be situated wholly within such corporate limits, or partly within and partly without such limits, and the extent of the farming land homestead not be restricted thereby. *Thornton v. Boyden*, 31 *Ill.*, 200; 12 *Iowa*, 516, 519; *Sarahas v. Walker*, *Wyandotte District Court, April term*, 1863.

3. There being no special form of proceeding to protect the homestead right provided by statute, a motion to set aside the levy and sale is appropriate. *Ill. Dig.*, 789, §§ 10 *and* 11.

4. The homestead laws being part of the progressive humanitarian legislation of the present age, should be liberally construed to carry out the purposes of their adoption.

5. The homestead exemption being for the benefit of the family, as well as the head thereof, the acts of the latter cannot divert the interests of the former therein. *Gen. Stat.*, 473.

6. The constitution exempts "160 acres of farming land." This homestead exemption has no other limitation or qualification to it, except it is occupied as such by the family of the owner; and we contend that when the

homestead is shown to be "farming land," the 160 acre exemption attaches to it, whether inside or outside of city limits; and that the alternative of "one acre" within the limits of an incorporated town or city, can only be held to apply to homesteads not used as "farming lands;" that any other construction would ignore the reason of the wide distinction as to the quantity of the homestead, and would contravene the intentions of the framers of the constitution, and of the people in its ratification, and would open the door, through the device of the enlargement of corporate limits, for totally depriving a considerable proportion of agricultural homesteads from the benefits of the exemption.

*By the Court,* KINGMAN, C. J.

It appears from the case made, that the plaintiff in error owned one hundred and two and three-quarters acres of land in the county of Wyandotte; seventeen and one-fourth acres of this land is included in the corporate limits of the city of Wyandotte, and has been since before the adoption of our constitution. The whole tract is irregular in shape, being bounded by ten lines, forming all right angles. If it were cut into two pieces by the city boundary, the line of that part of the country tract abutting upon the city would be one hundred and sixty rods in length. Upon this line beginning eighty rods from one end of the line and ending twenty-two and a half rods from the other, rests the tract inside the city limits; that tract is rect-angular and rectilineal, being forty-eight rods wide by fifty-seven and one-half rods long. The whole tract was allotted to the plaintiff in error and his family as Wyandotte Indians, under the

.treaty between the Wyandotte Indians and .the United States, in 1855, and has been occupied by himself and family ever since, they residing on that part of the land outside the city limits, and cultivating as farming lands the whole tract. That part within the city limits was sold on execution, the sale approved, and a deed ordered to be made. The plaintiff in error claims that this sale injured him, inasmuch as it sold a part of his homestead; this question was fairly made in the court below, and is the only one for our consideration; the case made does not disclose the judgment or the proceedings thereafter, upon execution, except sufficient thereof to show the claim of plaintiff in error as a homestead, so that we are to assume that all the other steps in the case were correct and regular, and the action of the court was proper in all, save its ruling upon the homestead exemption.

And on this point we think the court below was right and its judgment must be affirmed. It is not necessary to recite the section of the constitution on which the claim as a homestead rests; it is familiar to all; it makes provisions for homesteads in two classes of cases, "farming lands," and in towns and cities; the first may be to the extent of one hundred and sixty acres; the last is limited to one acre; in this case all the lands were "farming lands," and if outside the city, no question would be made as to its exemption from forced sale under execution.

*Homestead Exemption*

But that part within the city has a different limitation; even if the claimant lived on that part within the city, he could hold but one acre as a homestead, exempt from execution, no matter whether it was worth $10 or $10,000, or whether it was used for farming purposes or was covered all over with a palatial residence. One acre is all that is exempt as a homestead

*In: Lands Within a City.*

under the constitution. If he lived on that part in the
city, that acre would be his homestead, and the residue
of the city property as well as his land in the country
would be subject to forced sale under execution. This
is the plain letter of the constitution; it cannot be
enlarged by construction or made plainer by argument.
Can he then claim a greater exemption because he does
not live on the land within the city, than he could get if
he did? Is the homestead clause of the constitution—a
provision intended to create inducements for the im-
provement and advancement of the home—susceptible
of a construction that gives a man more privileges for
not living on his homestead than if he did? Such a
construction, if possible, would make the provision
inoperative for good and destroy the very noble purposes
for which it was adopted.

Thus, but one acre in the city would be exempt if he
lived on it, and as he did not live on it, of course he can-
not claim that acre as exempt as a homestead. Such a
conclusion preserves all the real benefits of the home-
stead, secures the great ends for which it was adopted,
and makes all its provisions harmonious, and probably
more substantially does justice to all parties than any
other. Possibly a reversal of the judgment on a differ-
ent holding, would be just what the plaintiff in error
does not want. For if we hold one acre in the city as
his homestead, then all his other property would be sub-
ject to a forced sale under execution, for he cannot have
two homesteads. We are not insensible of the great
hardships so forcibly urged by the learned counsel for
the plaintiff in error, attending the unnecessary exten-
sion of city limits over lands which could more appro-
priately be used for agricultural purposes, but this is not
the proper tribunal to correct that evil.

The plaintiff in error has all the benefits of a city government, perhaps he pays for them in increased taxation. In an early day he probably hoped to obtain his reward in the increased value of his property, by reason of part of it being within the city limits, and the remainder in close proximity to it. It is too late now for him to complain; at any rate he cannot get relief in a motion to set aside a sale.

The decision of the court below must be affirmed.

All the justices concurring.