## No. 944.

### JAMES TODD vs. M. T. GORDY, SHERIFF, ET AL.

The homestead law, being in derogation of the common right given to creditors on the property of their debtors, must be strictly construed.

This law says that one hundred and sixty acres of ground and the buildings and improvements thereon, occupied as a residence and *bona fide* owned by the debtor, shall be exempt from seizure under execution. This evidently refers to the actual residence of the debtor, occupied by him as proprietor, and not that he may select any one hundred and sixty acres of ground included within the whole property.

This case illustrates the intent of the law to preserve to the debtor his home, provided it does not exceed two thousand dollars. Here the residence or dwelling of the debtor is worth over ten thousand dollars, and, of course, he could not retain it under the law. But the law does not say that he may take any other portion of the land on which the dwelling occupied by him is not situated, and establish a residence for the purpose of securing a homestead. It is only the ground on which is the building occupied as a residence that may constitute a homestead for the unfortunate debtor—his constant, usual residence.

Therefore the plaintiff is not entitled to homestead on any part of his plantation other than the ground, to the extent of one hundred and sixty acres, on which stand the buildings and improvements occupied by him as a residence. The law does not give him the right to change his residence after seizure, for the purpose of establishing a homestead on another and less valuable part of the land, and thus evade the restriction in the law as to the value of the property to be claimed as a homestead. His creditors contract with him in this respect with reference to the character, value, and condition of his residence.

The motion to set aside the writ of *fieri facias* on the ground that the seizure of the part of the property was not affected by the injunction against the sale of the whole plantation could not be granted. The validity of the seizure of the part claimed as a homestead was dependent on the injunction, and the release of the other property from the seizure did not embrace that embraced in the injunction. The action of the court on the rule was nothing more than the action of the court on the injunction.

A PPEAL from the Third Judicial District Court, parish of St. Mary. *Train,* J. *Fred. Gates,* for plaintiff and appellee. *D. Caffery,* for defendants and appellants.

HOWELL, J. The plantation of plaintiff having been seized under a *fieri facias* in the case of the American Colonization Society vs. J. Todd, he obtained an injunction to restrain the sale of one hundred and sixty

acres thereof, claiming it as a homestead. The defense to this claim, besides the general denial, is, that a few days before that fixed for the sale the plaintiff abandoned the dwelling on the plantation, in which he had always resided as owner, and moved temporarily into a small house near by, which, with the other improvements, was never in good faith occupied as a residence by the plaintiff; that plaintiff, knowing that the value of the dwelling, being largely over two thousand dollars, barred the right to a homestead, made the change to evade the law in this respect, and that by abandoning his *bona fide* and only residence just prior to the sale he virtually acknowledged that he had no right of homestead; and that the notes given by plaintiff for the price of the whole property, secured by mortgage and vendor's privilege, are outstanding and unpaid, and hence the plaintiff can not claim a homestead. There was judgment in favor of the plaintiff, and the defendant, the Society, appealed.

The law is that "in addition to the property and effects now exempt from seizure and sale under execution, one hundred and sixty acres of ground, and the buildings and improvements thereon occupied as a residence, and *bona fide* owned by the debtor, having a family, or mother, father, or person or persons dependent on him for support; also, certain movables; *provided,* that the property herein declared exempt from seizure and sale does not exceed in value two thousand dollars; and in cases of excess, any sale thereof under execution shall be taken from the lot of ground and buildings herein mentioned, and not from the other property herein mentioned as being exempt from seizure and sale; *and provided further,* that no debtor shall be entitled to exemption provided for in this section whose wife shall own in her own right and be in the actual enjoyment of property worth more than one thousand dollars.

Second—"That no property shall, by virtue of this act, be exempt from sale for non-payment of taxes or assessments levied pursuant to law, nor for debt contracted for the purchase price of said exemption property, nor for money due for rents bearing a privilege on said property under existing laws."

This law, being in derogation of the common right given to creditors on the property of their debtors, must be strictly construed. It says one hundred and sixty acres of ground and the buildings and improvements thereon, occupied as a residence and *bona fide* owned by the debtor, shall be exempt from seizure under execution. This evidently refers to the actual residence of the debtor occupied by him as proprietor, and not that he may select any one hundred and sixty acres of ground included within the whole property. This case illustrates the intent of the law to preserve to the debtor his home, provided it does not exceed two thousand dollars. Here the residence or dwelling of the

debtor is worth over ten thousand dollars, and, of course, he could not retain it under the law. But the law does not say he may take any other portion of the land on which the dwelling occupied by him is not situated, and establish a residence, for the purpose of securing a homestead. It is only the ground on which are the buildings occupied as a residence that may constitute a homestead for the unfortunate debtor—his constant, usual residence.

Suppose a debtor should own one hundred and sixty acres of land worth ten dollars per acre, and put on one end of it a dwelling-house worth ten thousand dollars, and near by he should erect a small building for other purposes, could he, when his property is under seizure, leave the costly house, move into the small one, and retain it and all the land not occupied by the large house as a homestead, thus leaving to his creditor simply a large dwelling-house in a rural district, without land? Such, we think, is not the intention of the law-maker.

We therefore conclude that the plaintiff is not entitled to a homestead on any part of his plantation other than the ground, to the extent of one hundred and sixty acres, on which are the buildings and improvements occupied by him as a residence, and that the law does not give him the right to change his residence, after seizure, for the purpose of establishing a homestead on another and less valuable part of the land and thus evade the restriction in the law as to the value of the property to be claimed as a homestead. His creditors contract with him, in this respect, with reference to the character, value, and condition of his residence and the adjoining land.

In regard to the motion to set aside the writ of *fieri facias*, on the ground that the seizure of the part of the property was not affected by the injunction, we are of opinion that it was not a good ground, as the validity of the seizure of the part claimed as a homestead was dependent on the injunction, and the release of the other property from the seizure did not affect that embraced in the injunction. The action of the court on the rule was nothing more than the action of the court on the injunction.

It is therefore ordered that the judgments appealed from be reversed and the injunction dissolved, with two hundred dollars damages and costs in both courts.