THE CITY OF EMPORIA V. JULIA A. SMITH.

1. CITY — *Extending Boundaries — Valid Statutes.* The statutes conferring on cities of the second class power to extend their boundaries so as to include adjacent land that has been subdivided into blocks and lots is not unconstitutional because the legislature is restricted by § 21, article 2 of the constitution, from conferring powers of local legislation or administration on any local agency except the tribunals transacting county business.

2. COUNTY BOARD — *Local Legislation — Construction.* The power given to the legislature by § 21 of article 2 of the constitution, to confer on the tribunals transacting county business such powers of local legislation and administration as it may deem expedient, is not exclusive, but such powers can be conferred on other local agencies.

3. FARMING LAND, *Adjacent to City — Annexation, not Defeated.* The owners of farming land that lies adjacent to a city of the second class who voluntarily subdivide their adjacent land into blocks and lots, and thus create the conditions upon which cities of the second class are authorized to make their subdivisions a part of the city, cannot defeat such annexation by a claim that the extent of their homestead is reduced to one acre without their consent.

4. LOTS AND BLOCKS; *Size, Who Determines.* The owners of land platted for a city or town, or an addition to a city or town, alone have the power, before the plat is filed, to determine the size of the blocks and lots in said city, town, or addition.

*Error from Lyon District Court.*

INJUNCTION, to restrain the collection of a certain tax. Judgment for the plaintiff *Smith*, at the February term, 1889. The defendant *City* brings the case to this court. The opinion states the facts.

*E. W. Cunningham*, city attorney, for plaintiff in error.

*Thomas Dever*, and *J. A. Smith*, for defendant in error.

Opinion by SIMPSON, C.: On the 28th day of March, 1889, the district court of Lyon county rendered a judgment in favor of Smith and against the city of Emporia, perpetually restraining the authorities of said city from collecting or attempting to collect the tax levied for the year 1889 by said city against

28 — 42 KAS.

lot No. 1 of F. E. Smith's subdivision of the N.E. $\frac{1}{4}$ of the N.E. $\frac{1}{4}$ of section 16, township 19, of range 11, and restraining the officers of said city from exercising any municipal or corporate authority over said lot 1, by ordinance or otherwise. The judgment is in effect, that lot No. 1 in Smith's subdivision is no part of the city of Emporia. The facts are undisputed, and are as follows: On the 9th day of May, 1883, the defendant in error Julia A. Smith, and F. E. Smith her husband, Caroline George, and T. J. George, being the then owners of certain land lying adjacent to the city of Emporia, made, executed, acknowledged, and filed for record in the proper office, a plat of said land, subdivided into lots and blocks by streets and alleys, and called it F. E. Smith's subdivision of the land therein described. This plat was made, acknowledged and recorded in accordance with the law in force at the time, requiring such plats to be filed whenever any city or town, or an addition to a city or town, shall be laid out. On the 31st day of March, 1884, the mayor and common council of the city of Emporia, by ordinance duly passed, approved, and published, declared F. E. Smith's subdivision, as surveyed, subdivided, platted, and recorded, a part of the city of Emporia, and attached it to the third ward. On the 1st day of March, 1889, another ordinance of the city seems to have been passed, annexing this land to the city. The defendant in error, ever since the 8th day of September, 1886, has been the owner and in possession of lot No. 1.

The questions raised and discussed here and probably involved in the controversy are, that the city council had no power or authority to annex this land and make it a part of the city of Emporia, for several reasons. The first proposition is, that the law authorizing the city council of a city of the second class to extend the limits of the city, is unconstitutional. The second is, that as the five acres of land embraced within lot No. 1 of Smith's subdivision is the homestead of the defendant in error, the city council cannot, without her consent, take from her four acres of her homestead by extending the limits of the city, so as to bring her land within the cor-

porate boundaries.  The third proposition is, that the limits of the city can only be extended so as to embrace the land in controversy, under the facts in this case, by the order of the judge of the district court of Lyon county.

I.  The pith and marrow of the first proposition is, that in accordance with § 21, article 2, of the constitution of this state, the board of county commissioners is the only body to which the legislature can delegate the power to extend the limits of a city of the second class.  That section reads: "The legislature may confer upon the tribunals transacting the county business of the several counties such powers of local legislation and administration as it shall deem expedient."  This language is too plain to admit of misconstruction, or to cause any diversity of opinion to arise in the minds of lawyers as to its meaning.  Under this section the legislature may, if it deem it expedient, confer upon the tribunals transacting the county business, such local legislative and administrative powers as may aid in the transaction of the business of the various counties.  The attorney for the defendant in error would have it read, that the legislature shall confer upon the tribunals transacting the county business, *all* powers of local legislation and administration.  Under the section as we construe it, only such local legislative and administrative powers as pertain to the transaction of county business can be conferred, and only such of these powers as the legislature may deem it expedient to confer.  So that a proper construction would not compel the legislature to confer upon such tribunals all the powers of local legislation or administration pertaining to the transaction of county business.  But aside from all alphabetical tinkering of the constitution, it is positively certain that the legislature of this state has not deemed it expedient to confer on tribunals transacting county business, the power to extend the limits of a city of the second class.  This power in some instances is conferred upon the city itself where the adjacent owner has subdivided his land into blocks and lots by streets and alleys, while in other instances resort is had to the judge of the district court.  It has long been

the law in this state, that the mayor and city council of a city of the second class have the power to extend the limits of the city, to include land adjacent thereto, that has been subdivided into lots and blocks. This power is conferred by a general law, and not by special act, as claimed in this case. No good reason has been given, and we do not believe that a good reason can be given, why the law complained of is unconstitutional.

II. It is only necessary to say on the second proposition urged, that the city takes away a part of the homestead right of the defendant in error without her consent, that she was one of the owners of the platted land at the time it was subdivided, and by her own voluntary act placed it in such a condition that it became a part of the city by the ordinance. She knew then as well as she knows now, that a city homestead embraces only one acre of land. For the purposes of profitable sale, or to increase the value of the remainder, or for some other reason, she and the other owners of a piece of farming land adjacent to the city of Emporia subdivide it into blocks and lots, dedicate the streets and alleys to public use, and by their own premeditated act create the very conditions under which this land can be easily embraced within the limits of the city. Lands are only authorized to be platted, and these plats acknowledged, filed and recorded, by proprietors of cities and towns, or by owners of additions to cities or towns. If this land was not intended for an addition to the city of Emporia, there would have been no necessity or purpose in subdividing it into blocks and lots by streets and alleys. So that the defendant in error deliberately selects a lot in an incorporated city for a homestead instead of a body of farming land. But this annexation has not threatened her homestead; she is within the city in the enjoyment of her homestead of five acres. No city ordinance can reduce the limits of her lot, and the only possible contingency in which she will ever lose four of the five acres of her homestead, is her inability or refusal to pay her debts. The size of a block or lot in a city, town, or addition, is determined solely by the proprietors who file the plat. If the defendant in error chooses the

luxury of a lot of five acres in a city numbering several thousand people, and is willing to pay all the taxation and the special assessments incident to such property, instead of the moderate taxation of purely farming land, how can it be said that her choice involves a homestead right to the five acres, or to four of them? If she was one of the original proprietors of the platted land she voluntarily placed the property in such condition that she could hold only one acre as a homestead. If she acquired the property after it was platted, she voluntarily chose one acre in the city, or in an addition, instead of the full measure of farming land, and in either event her homestead rights have not been infringed. (See generally on this subject, the case of *Sarahas v. Fenlon*, 5 Kas. 592.)

We think the trial court erred in its conclusion of law, on the facts stated. We believe that when the proprietors of the land described as adjacent to the city of Emporia subdivided it into lots and blocks, acknowledged, filed and recorded their plat, the city council had the power to annex it to and make it a part of the city, and that lot No. 1, owned and occupied by the defendant, became subject to city taxation, and that so far as the questions raised and discussed here are concerned, they are not sufficient to relieve it from such liability.

We recommend that the judgment be reversed, and the case remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.