Nos. 19,352 and 19,377.

THE STATE OF KANSAS, ex rel. JOHN S. DAWSON, as Attorney-general, etc., *Plaintiff*, v. THE BOARD OF CITY COMMISSIONERS OF THE CITY OF PRATT et al., *Defendants*.

### SYLLABUS BY THE COURT.

MANDAMUS—*Cities—Petition for Repealing Ordinance Presented to Commissioners—Duty of Commissioners*.  A city of the second class under commission government having voted to issue bonds to construct an electric light plant, the commissioners passed an ordinance providing for the execution of the bonds and prescribing their form and the manner of execution. Shortly thereafter a petition of not less than ten nor more than twenty-five per cent of the number of electors who voted for all candidates for mayor or commissioner at the last preceding general city election, containing a request that an ordinance therewith submitted, repealing the one providing for the execution of the bonds, be passed or submitted at the next general city election, was presented.  To this petition the

clerk attached his certificate of sufficiency at a date less than thirty days before the next general city election. *Held*, that under the provisions of section 1503 of the General Statutes of 1909 it is the duty of the commissioners to pass such repealing ordinance or submit it at the general election in April, and the performance of such duty may be compelled by mandamus.

Original proceeding in mandamus. Opinion filed April 11, 1914. Writ allowed.

*John S. Dawson*, attorney-general, *A. C. Malloy*, and *W. F. White*, both of Hutchinson, for the plaintiff.

*R. A. Cox*, and *W. B. Hess*, both of Pratt, for the defendants.

The decision of the court was delivered by

WEST, J.: On March 11, 1914, the state on the relation of the attorney-general filed its petition (case No. 19,352) alleging the enactment of ordinance No. 28, authorizing the issuance of bonds of the city of Pratt in the sum of $50,000 to provide funds for the purpose of constructing and equipping an electric light plant, to be owned and operated by the city, for the purpose of supplying such city and its inhabitants with electric light, and providing for the form and contents of such bonds and interest coupons attached, and for the manner of execution of the same; that such ordinance, in accordance with the provision of section 4 thereof, was to take effect and be in force from and after ten days from the time of its final passage, approval and publication as by law provided; that such ordinance was not for the immediate preservation of public peace, health and safety, and contained no statement of its urgency; that on the 27th day of February, 1914, a petition legally sufficient and signed by the requisite number of electors of the city (more than 25 per cent of the entire vote cast at the preceding general

municipal election) was presented to the board of commissioners, protesting against the passage of the ordinance in question; that upon such presentation it became the duty of the commissioners to repeal such ordinance or submit the same to popular vote; that on the 5th day of March, 1914, the commissioners denied the petition, and refused to repeal the ordinance; that thereupon application was made to the city clerk to attach a certificate of sufficiency to the petition, and that he refused so to do. A writ of mandamus was sought against the board of commissioners compelling them to repeal the ordinance or, in the event of their failure so to do, to compel the clerk to attach the certificate of sufficiency to such petition, and this being done, that the commissioners be ordered to submit such ordinance to popular vote at the general municipal election to be held April 7, 1914.

On March 21, 1914, the plaintiff filed another petition (case No. 19,377) reciting the publication of the ordinance, the filing on March 9, 1914, of a petition to repeal or submit such ordinance at the next general municipal election, and alleging that on the 11th day of March, 1914, the city clerk canvassed the signatures to such petition and attached thereto his certificate that they amounted to more than 10 and less than 25 per cent of the number of votes cast for mayor and commissioners at the last general city election, and that the commissioners, on the —— day of March, 1914, by formal action refused to pass or submit such ordinance, and praying for a peremptory writ of mandamus directing the commissioners either to pass the proposed ordinance or submit it at the general city election in April. The commissioners answered, reciting the history and enactment of ordinance No. 28, and their refusal to repeal such ordinance or submit the petition filed February 27, alleging that the latter was filed more than ten days after the final passage of ordinance No. 28, and that such ordinance is required by the gen-

eral laws of the state and is not subject to protest, and that they are without authority to act as demanded by the plaintiff, and that the ordinance is not subject to the provisions of section 1503 of the General Statutes of 1909.

An agreed statement of facts has been presented, reciting, among other things, that ordinance No. 28 was duly published according to law on February 16, 1914, and that thereafter, on February 27, the petition was filed to which the clerk's certificate of sufficiency was attached, dated March 5, 1914; that on the 9th of March, 1914, another petition was filed containing a sufficient number of signatures and proposing an ordinance to repeal ordinance No. 28, to which petition was attached the clerk's certificate of sufficiency; that on March 12, 1914, the commissioners considered this petition and refused to pass the proposed ordinance, and also refused to submit the same at the next general city election.

It appears that on the 28th of July, 1913, an ordinance was passed directing the mayor to call an election for the purpose of submitting a bond proposition; that such proposition was submitted on September 16, and carried, in pursuance of which ordinance No. 28 was enacted, which as already indicated provides for the preparation, execution and registration of the bonds. The proposition voted upon September 16 was whether the commissioners should issue and sell bonds in the sum of $50,000 to provide funds for the purpose of constructing and equipping an electric light plant for the purpose of supplying the city and its inhabitants with electric light, such bonds to be for $500 each, payable 20 years from date with option of redemption at date of any interest payment after ten years, and bearing interest at 5 per cent, payable semiannually, so that the election gave the commissioners full authority to proceed by ordinance to issue the bonds, and ordi-

nance No. 28 simply provides for the form of such bonds and the manner of their execution.

The law touching the matter is found in sections 1503 and 1504 of the General Statutes of 1909. It is plain that the petition in No. 19,352 shows an attempt to suspend the operation of ordinance No. 28 under section 1504, which provides, in substance, that with certain exceptions no ordinance shall go into effect "before ten days from the time of its final passage," and if "during said ten days" a petition signed by at least 25 per cent of the votes cast for all candidates at the preceding general municipal election protesting against the passage of such ordinance be presented to the commissioners, such ordinance shall be suspended from going into operation, and if not repealed by the commissioners they shall submit it to a vote either at a general or special election.

The petition in No. 19,377 clearly shows an attempt to comply with section 1503, which provides that any proposed ordinance may be submitted by petition signed by the electors of the city; that if the petition accompanying the proposed ordinance be signed by 40 per cent of the votes cast for all candidates at the last preceding general municipal election such ordinance must be passed without alteration in 20 days after the clerk has attached his certificate of sufficiency thereto or shall be submitted at a special or general election. If the petition be signed by not less than ten or more than twenty-five per cent of such electors then the board is required to pass such ordinance without change within twenty days or submit the same at the next general city election occurring not more than thirty days after the clerk's certificate is attached. The agreed statement of facts shows that this provision of section 1503 was complied with. A petition was presented signed by not less than ten and not more than twenty-five per cent, which was certified by the clerk March 11, 1914, and that the next general city election will occur in

not more than thirty days from such date. This petition contained the repealing ordinance sought to be passed or submitted, and the plain terms of section 1503 appear to require favorable action thereon by the commissioners either by way of repeal or by submission. It is not necessary, therefore, to consider the requirements of section 1504 or to determine whether the petition by which it was sought to suspend the operation of the ordinance was filed in time or not. It was suggested on the argument that the repeal of ordinance No. 28 would not take away the authority of the commission to pass another ordinance for the execution of the bonds. Even if this were true it is quite plain that the bonds could not be issued until the enactment of another ordinance. But section 1503 provides that an ordinance proposed by petition or adopted by the vote of the people can not be repealed or amended except by a vote of the people, and if a repealing ordinance should be adopted by popular vote the commission would hardly of its own motion reënact the ordinance repealed. When the matter is submitted at the next municipal election the people of Pratt will have full opportunity to express themselves in a way which may well be regarded as making an end of a controversy which appears to have been for some time a burden and perplexity.

The peremptory writ is allowed.