No. 19,592.

THE STATE OF KANSAS, ex rel. E. T. FOOTE, as County Attorney, etc., et al., *Appellees*, v. THE BOARD OF CITY COMMISSIONERS OF THE CITY OF HUTCHINSON et al., *Appellants*.

SYLLABUS BY THE COURT.

1. CITIES OF THE FIRST CLASS—*Initiative and Referendum Law Constitutional and Valid*. Section 1240 of the General Statutes of 1909, known as the initiative and referendum law, is not violative of section 21 of article 2 of the constitution of this state although it confers legislative powers upon boards of city commissioners, and, in turn, upon the electors in cities of the first class; neither is it violative of section 2 of the bill of rights, as it grants no special privileges or immunities.

2. SAME. The initiative and referendum provisions of section 1240 of the General Statutes of 1909 are not repugnant to section 4 of article 4 of the constitution of the United States, which guarantees to every state a republican form of government.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed November 14, 1914. Affirmed.

*Walter F. Jones, Frank L. Martin*, and *Van M. Martin*, all of Hutchinson, for the appellants.

*A. C. Malloy*, and *C. M. Williams*, both of Hutchinson, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This action was brought by the state on the relation of the county attorney of Reno county, and one John Beck.

The petition, after alleging the qualifications of the relator, alleged that the city of Hutchinson is in Reno county and is a city of the first class; that at and for some years prior to the bringing of the action it had been legally acting under the commission form of government, and the names of the commissioners and mayor were therein set forth. The petition further alleged that prior to the filing thereof, a petition, signed by qualified voters of the city, more than twenty-five per cent in number, of the total vote cast for all candidates for mayor at the last preceding general election, was presented to the defendant commission, which petition requested that a certain ordinance, a copy of which was attached thereto, should either be passed by such commission, without alteration, or be submitted without alteration by the commission to a vote of the qualified electors of the city within the time provided by law. It is further alleged that after the filing and presentation of such petition to the respondents, the city clerk attached thereto his certificate of the sufficiency thereof; a copy of which certificate was attached to the petition.

It was further alleged that it thereupon became the duty of the board of commissioners to pass said ordinance as requested, without alteration and within twenty days thereafter, or to submit such ordinance to a vote of the qualified electors of the city at an election to be called forthwith after the attaching of such certificate of sufficiency; that notwithstanding such duty the board of commissioners, by formal action and by a unanimous vote of all the commissioners, refused to pass such ordinance, without alteration, and in the same

manner refused to submit such ordinance to a vote of the electors of the city or to call an election for that purpose. Further, it was alleged in the petition filed in the district court that the petition presented to the commission was legally sufficient under the laws of the state.

· The prayer was that mandamus issue out of the court directing such board of commissioners, in substance, to pass without alteration and publish such ordinance, or that in the event they refused so to do, that such board of commissioners and each member thereof submit the ordinance to a vote of the qualified electors of the city at an election to be called, as prayed for, for that purpose and to be held within thirty days from the date of the calling thereof. Further, that a large number of citizens, taxpayers and electors of the city are interested in the relief sought and are without adequate remedy in the usual and ordinary forms of action and that the writ of mandamus is the only effective writ in the premises. The petition was presented to the judge of the district court, and an alternative writ of mandamus was allowed, as prayed for, ordering and enjoining the respondents to pass the ordinance contained in the petition to the commission, without alteration, or that the board call an election and submit the ordinance to a vote of the qualified electors of the city; or that, failing in this, the board and the members thereof should appear and show cause on a certain day why said act or acts should not be performed.

The respondents made a return of the alternative writ, in substance, as follows: They admit the membership of the board of city commissioners as alleged; the presentation of the petition duly signed as alleged, and that immediately upon the consideration of the petition and the ordinance they unanimously decided not to adopt or publish the ordinance and refused to submit it to a vote of the electors as prayed for. Such refusal

was based upon the following reasons: (1) that the proposed ordinance is in contravention of section 4 of article 4 of the constitution of the United States, and contrary to the laws of the state of Kansas in that it violates section 2758 of the General Statutes of 1909; (2) that it is partial and unfair and makes unwarranted discrimination in favor of John Beck, the chief petitioner, and if adopted would be invalid and of no force and effect; (3) that the statute of the state under which it is proposed to submit the ordinance is in conflict with section 4 of article 4 of the constitution of the United States, which guarantees to every state a republican form of government, and to the fourteenth amendment of the federal constitution which guarantees to persons the equal protection of the laws, in that the statute denies to individuals the equal protection of the laws; (4) that such statute also violates section 5 of article 12 of the constitution of the state of Kansas, in that it attempts to confer legislative power upon the qualified electors of cities of the first class, and also violates section 1 of article 2 and section 21 of article 2 of the constitution of Kansas; (5) that the proposed ordinance, if adopted, would be null and void, partial and unfair, in that it proposes to give John Beck and his associates, who own a certain park in the city, the privilege of violating the Sunday law of the state, an especial privilege not enjoyed by other persons engaged in the same business; (6) further, that in refusing to submit the ordinance to a vote of qualified electors, they were controlled by the fact that there is no money in the city treasury which can be lawfully appropriated to the payment of the expense of the election, and in substance, that levies had already been made by the board of commissioners to the full extent and limit allowed by law and that they are prohibited by law from issuing any warrant to pay any debt or expense for which no provision had been made, when there is not sufficient money on hand to meet such payment; (7)

that a vote by the people upon such ordinance would disturb the peace and quiet of the people of the city over the advisability of adopting a law which would be invalid and unconstitutional if adopted; (8) that in acting upon the proposed ordinance they acted within the limits of their discretionary power conferred upon them by the laws of the state, and were acting under their oaths to the best of their ability, and deny the jurisdiction and power of the court to control their discretion; (9) that the proposed ordinance is not a local ordinance adapted particularly to the city of Hutchinson but relates to a subject of general legislation, applicable to the entire state.

The appellees demurred to the return of the alternative writ, and the court in an extended opinion sustained the demurrer and rendered judgment for the plaintiffs, and issued a peremptory writ of mandamus commanding the defendants to do the things prayed for in the petition.

The respondents appeal, and specify as error the sustaining of the demurrer to the return, the awarding judgment for the plaintiffs and the issuing of the temporary writ of mandamus.

On the part of the defendants it is urged, inferentially, that the people have no power in their primary and individual capacity to make laws for the reason that section 1 of article 2 of the state constitution confers this power elsewhere. It provides:

"The legislative power of this state shall be vested in a house of representatives and senate."

Section 21 of article 2 of the constitution provides:

"The legislature may confer upon tribunals transacting the county business of the several counties, such powers of local legislation and administration as it shall deem expedient."

It is contended that, in specifying one class of tribunals upon which powers of local legislation may be conferred, all other tribunals or boards, by whatever

name designated, and all individuals, are by necessary implication excluded, and any attempt by the legislature to confer such power upon such other tribunals, boards or individuals is in violation of this constitutional provision.

There is, of course, no contention but that all the legislative power of the state is vested in the legislature, or that the legislature may not delegate to tribunals transacting county business such power of local legislation as it deems expedient. The question is whether the power to delegate legislative power to the tribunals specified is exclusive. That it is not exclusive was specifically held in *City of Emporia v. Smith,* 42 Kan. 433, 22 Pac. 616. It was there said:

"The power given to the legislature by section 21 of article 2 of the constitution, to confer on the tribunals transacting county business such powers of local legislation and administration as it may deem expedient, is not exclusive, but such powers can be conferred on other local agencies." (Syl. ¶ 2.)

This court has repeatedly recognized and enforced regulations for the transaction of local business prescribed by individual officers or boards, and authorized by statute, pertaining to the manner of conducting the business which by statute had devolved upon them. This is legislation.

*Wulf v. Kansas City,* 77 Kan. 358, 94 Pac. 207, embodies an extended discussion of the power of the legislature to delegate its legislative power to individual boards, other than the tribunals transacting county business, and to cities. The tenor of the case is, in accord with *City of Emporia v. Smith,* supra, and many other cases therein cited, that the power of the legislature to delegate local legislation to tribunals transacting county business is not exclusive, but may be conferred on "other local agencies." See, also, *In re Pfhaler,* 150 Cal. 71, 88 Pac. 270, 11 L. R. A., n. s., 1092, and Notes, 33 L. R. A., n. s., 969, and 11 Ann. Cas. 920.

The latest decision of this court pertinent is *The State, ex rel., v. City of Pratt,* 92 Kan. 247, 139 Pac. 1191. The city of Pratt is a city of the second class while the city of Hutchinson is a city of the first class, but the provisions of section 1503 of the General Statutes of 1909, prescribing the duty of the city commissioners to pass ordinances petitioned for by the specified number of the qualified voters of the city or to submit such ordinance to a vote of the electors of the city is substantially like the provisions of section 1240, prescribing the duty of the board of commissioners of cities of the first class. In the City of Pratt case, *supra,* it was said:

"*Held,* that under the provisions of section 1503 of the General Statutes of 1909 it is the duty of the commissioners to pass such repealing ordinance or submit it at the general election in April, and the performance of such duty may be compelled by mandamus." (Syl.)

The cases are in principle the same, although there are some differences in the provisions of the statute as to the number of signers required to the petition, and other minor differences. The decision therein may be said to be practically a discussion of the questions mooted in this case.

It is strongly urged that the ordinance, if adopted, would be invalid as conferring special privileges, and as in violation of the state Sunday law. The commissioners have unanimously refused in their discretion to pass the ordinance. If, as we hold, section 1240 of the General Statutes of 1909 is valid, all that remains for the commissioners to do is to submit the question to the voters at an election to be called for that purpose. Neither the court below nor this court can decide whether a proposed law is valid. It is a moot question of which neither court has jurisdiction. It may be said, on the other hand, that courts will not compel the doing of a vain thing, and this consideration might prevail if, beyond dispute, the ordinance if passed

would be in contravention of the law of the state known as the "Sunday law." This, however, does not clearly appear. The exception clause in this ordinance is not a grant of privilege nor a license. At most, it only renders the ordinance inapplicable to certain performances beyond certain limits on Sunday, and if such performances were had in violation of the law of the state the ordinance presumably would constitute no defense to the offender in a prosecution therefor.

The initiative and referendum is not repugnant to the constitution of the United States, which guarantees to the states a republican form of government. (*Kadderly v. Portland,* 44 Ore. 118, 74 Pac. 710.) A republican form of government is "one constructed on this principle, that the supreme power resides in the body of the people." (*Chisholm v. Georgia,* 2 U. S. 419, 457, 1 L. Ed. 440.)

The lack of provision for or of money to defray the expense of an election is not a valid excuse for refusing to submit the ordinance proposed. The holding of elections in a city is the exercise of a local governmental function, and the incurring of expense incident thereto is not the contracting of a debt within the meaning of section 5 of article 12 of the constitution, nor within the meaning of section 1040 of the General Statutes of 1909.

Nor does it appear that any special privilege or immunity is granted in violation of section 2 of the bill of rights.

The allowance of the peremptory writ of mandamus is affirmed.