No. 30,631.

JOSEPH A. LYNCH et al., *Appellees*, v. THE CITY OF KANSAS CITY et al., *Appellants*.

(15 P. 2d 720.)

Opinion filed November 5, 1932.

*Alton H. Skinner, George H. West, John C. O'Brien, William H. Towers* and *James K. Cubbison,* all of Kansas City, for the appellants.

*Joseph A. Lynch,* of Kansas City, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is by the city of Kansas City and its officers from an order of injunction issued against them in an action brought by taxpayers owning property in five certain blocks in Kansas City lying between Eighth street and Seventh street, being blocks 130, 137, 150, 159 and 172, enjoining and restraining the defendants from collecting from them a tax for the repaving of Eighth street. The difficulty occurs over the extent of the benefit district. The city had, through regular proceedings,

repaved Eighth street and assessed the proportionate cost of it against property on the east side from that street to a line in the middle of the block or half way between Eighth street and Seventh street. This assessment is what has been enjoined. The improvement was made under the provisions of R. S. 1930 Supp. 13-1078, which provides that "the governing body may cause such work to be done or such improvement to be made, and shall contract therefor and shall levy taxes for all such improvements as herein provided upon the property on each side of the street to the middle of the block."

The contention of the plaintiffs is that when a certain alley between Eighth and Seventh streets and running parallel with them was by the city commission denominated a street and given a name, that the platted space between Seventh and Eighth streets became two blocks instead of one, and the benefit district should thereafter on the east go only so far as the middle of the distance between Eighth street and the former alley. The following is a diagram of two of the five blocks herein involved, viz., 130 and 137, the other three being smaller:

The alley in question is and was 25 feet wide and the space between it and the east side of Eighth street. is 150 feet. It will be observed that on the west side of the alley the ends of the lots abut on the alley while on the east their sides abut thereon. This 25-foot strip running north and south through these five blocks was dedicated and donated to the city by the owner as and for an alley when the plat was filed. The benefit district established by the city and its officers is indicated by the north-and-south line shown on the map which includes lots 15 and 34 in each block. On the other theory the benefit district would extend just 75 feet east of Eighth street.

The statute directs that the benefit district extend to the middle of the block. What is the block in his case? It was held in an early case that the size of a block or lot in a city, town or addition is determined solely by the proprietors who file the plat. (*City of Emporia v. Smith*, 42 Kan. 433, 22 Pac. 616.) In the case of *Bowlus v. Iola*, 82 Kan. 774, 109 Pac. 405, it was said that a tract of platted ground surrounded by streets and forming a portion of a city constitutes a block within the meaning of the statutes relating to the method of assessing the cost of street improvements. In the case of *Cravens v. City of Salina*, 101 Kan. 161, 165 Pac. 801, it was said, "the block as platted is the unit in apportioning special assessments." In the case of *Larson v. City of Ottawa*, 101 Kan. 422, 166 Pac. 565, it was said:

"Two methods of assessing property for the improvement of the city streets are authorized. If the property is platted the assessments are to be made upon each block separately on all lots and pieces of ground to the center of the block on either side of such street. . . . If the land abutting on the street is not platted into lots and blocks the assessments are to be made on the pieces of ground adjoining the street improved to the distance of 300 feet from such street. . . . In the matter of assessments for street improvements there has been uniformity of decision that a block is a square or tract of platted land surrounded by streets." (p. 424.)

Back as far as *City of Ottawa v. Barney*, 10 Kan. 270, Justice Brewer said concerning the same language in a similar statute—

"A block is defined by Webster as 'a square or portion of a city inclosed by streets, whether occupied by buildings or composed of vacant lots.' It is a portion of ground surrounded by streets. Taxing to the center of the block for the improvement of the surrounding streets makes each portion bear its proper share of the total burden." (p. 278.)

The same rule has been regularly followed in many other decisions down to this date. The language of the owner in the deed of dedication of this and other alleys and streets to the city was as follows:

"I have caused the same to be laid off into blocks and lots as represented hereon, and now, therefore, I do hereby give, donate, convey and forever quit-claim to the said city of Wyandotte, for the use of the inhabitants thereof, all the avenues, streets and alleys to be by them opened, graded, and·otherwise improved as public thoroughfares, and such other proper use as may subserve weal without diverting the land from the use of the public for private purposes, in such manner and at such time as may be prescribed by ordinance for other regulated streets and alleys of said city."

On June 16, 1910, the city commissioners passed an ordinance that this alley running north and south through these five blocks "be and the same is hereby declared a public street of this city," and gave it the name and designation of "Allis Court.". In 1922 the same kind of an ordinance was passed concerning the alley through two of these blocks, 130 and 137. Numbers were assigned by the city engineer to a few buildings erected on the alley, so made a street under the provisions of general ordinance No. 853. Later, in 1922 and 1923, this alley or street was paved through two blocks, numbers 130 and 137, and the cost thereof assessed on the plan provided by statute for paving a street by extending the assessment to the middle of the block on each side of this alley or street.

Now the question is, Does an alley become a street so as to make two blocks out of one and limit the benefit district provided by statute for improving the streets surrounding the block simply by the resolution or ordinance of the city commission without any change whatever being made in the alley? In the City of Iola case the owner in his plat of dedication numbered as two separate blocks the parts of a block separated by an alley, and the court held he could not change the rule of assessment or the extent of the benefit district, that it was only one block and that surrounded by streets.

Is there not some substantial and physical difference between a street and alley? In the same City of Iola case a distinction was pointed out between a street and an alley in the following language:

"An alley is a narrow way designed for the special accommodation of the property it reaches. Consequently the cost of improving an alley is laid upon the abutting lots or ground. Streets and avenues are designed for general public travel, and consequently, the cost of improving them is extended to the center of the tracts bounded by such thoroughfares." (p. 776.)

This same distinction is recognized and approved in the case of *Railway Co. v. City of Chanute,* 95 Kan. 161, 147 Pac. 836. In the case of *Olsson v. City of Topeka,* 42 Kan. 709, 21 Pac. 219, it was said:

"A block is a portion of a city inclosed by streets or avenues, and where such block or square is subdivided by alleys or lanes it still remains one block, and the parts thereof, though surrounded by public ways, are not made blocks thereby, but remain subdivisions of the block inclosed by streets or avenues." (Syl. ¶ 5.)

In *Cravens v. City of Salina,* supra, it was said:

"The plaintiffs are entitled to have their property assessed according to the statutory method, and, as we have seen, the departure from that method resulted in a substantial increase in the assessments that were made. The city may not adopt a different plan of assessment because it may be more convenient for the mayor and council or because its officers may think it to be more equitable in its application. The legislature had the authority to make an apportionment, and it is well established that statutory rules making special assessments upon private property must be strictly followed." (p. 163.)

Substantially all that has been effected by the change of denomination of this dedicated alley to a street has been the change of the benefit district. This, as quoted above, is not the province of the city commission.

It is said the newly named street has become a thoroughfare. It had this promotion in name in 1910 and again 1922. No paving was done on it until 1922, and then and the year following two blocks were paved. Nine years later, when the case was tried, only two of the five blocks were paved, and yet it is urged this is a thoroughfare worthy of the name and distinguishing characteristics of a street. It is only 150 feet distant from Eighth street, and the lots fronting on the east side of Eighth street front on the west side of this new street. It is conceded that the city commission might have instituted proper proceedings to widen this alley and make a street or may have opened up a new street anywhere within the block and it would have been regarded as a full-fledged street so as to have created two blocks out of one and have changed the extent of the benefit district, but that would have been a very different situation from merely changing the name from an alley to a street.

The use of house numbers on the newly named street and the apportionment of the assessment for the paving of the two blocks of the alley do not strengthen the case. Unless it was in fact a street,

the unauthorized use of house numbers and the illegal assessment of improvement taxes would not make it something which it never was.

It is said the city is estopped now since making the assessment for the improvement of the alley in conformity with the provisions of the statute as to a street rather than for an alley, but a simple mistake will not work an estoppel, nor will a misinterpretation of the statute in an earlier assessment constitute an estoppel.

"The fact that in previous similar cases the city acted upon a misinterpretation of the statute in assessing street improvements does not estop it from now proceeding according to law." (*Bowlus v. Iola,* 82 Kan. 774, syl. ¶ 2, 109 Pac. 405.)

Other instances in Kansas where the city was said to have been estopped were where it had accepted some benefit or a beneficial situation. There were no advantages or benefits here to the city to have one more street and one less alley without any physical change in its condition.

We think the court erred in granting the injunction.

The judgment is reversed.