## UTZ v. CITY OF NEWPORT et al.

Court of Appeals of Kentucky.
Oct. 31, 1952.

Malcolm R. Rhoads, Newport, for appellant.

Morris Weintraub, Newport, for appellees.

STANLEY, Commissioner.

We have an appeal from a judgment denying a writ of mandamus to the Board of Commissioners of Newport to submit at the November, 1952, election the question whether or not an ordinance initiated by petition should be adopted, as is provided by KRS 89.610.

Two different ordinances imposing occupational, pay roll and license taxes (Nos. 846 and 9–847) were adopted by the Board in May and June, 1952. In accordance with KRS 89.610, the requisite number of voters petitioned the Board of Commissioners to pass an ordinance submitted with the petition which would (1) repeal the two previous ordinances levying the taxes and (2) refund without demand all money collected by the city under the existing ordinances. A third section of the proposed ordinance declares that the provisions are to be deemed severable and if any part should be held invalid, the remainder should not be impaired or affected. The Board had declined to adopt this ordinance.

The suit for mandamus is brought by Joseph D. Utz alone. The Code states that such writ may be "granted on the motion of the party aggrieved, or of the Commonwealth when the public interest is affected." Civ.Code Prac. § 477. We pass the question whether an individual if adversely affected only by the fact of citizenship and having no direct and special interest, independent of and distinguishable from that which is in common with the general public, may, otherwise than on relation of the Commonwealth, maintain an action for mandamus to accomplish official action like the present, because certainly "the public interest is affected." See Louisville Home Telephone Co. v. City of Louisville, 130 Ky. 611, 113 S.W. 855, 857;

Kentucky Utilities Co. v. Ginsberg, 255 Ky. 148, 72 S.W.2d 738. In the present case, the plaintiff merely states that he is "a qualified elector, voter, and taxpayer" in the city. He could well be a voter of the city and pay ad valorem taxes, and yet. not be subject to the payment of occupational salary or license taxes imposed by the ordinances from which relief would be had by the adoption of the proposed repeal and refund of sums collected under them. He does not state that he is within the coverage of the ordinances proposed to be repealed or would in any way be directly and specially benefited by the adoption of the ordinance initiated. As a general taxpayer he would be affected adversely by having the license and occupational tax ordinances repealed for it would very materially reduce the city's revenue. We are of opinion the plaintiff did not show legal capacity to maintain the action and the court should have sustained the special demurrer to the petition.

Obviously, we could rest the opinion here, but since the defect of party may be promptly cured and the issue precipitated, it seems well to pass upon the merits as did the trial court in denying mandamus. He ruled that the proposed ordinance was not one "that the Board has a legal right to pass", as is prescribed by KRS 89.610, because it provides for the refund of taxes collected under the existing ordinances.

The Statutes prohibit the city from diverting or using tax revenues in any manner or for any purpose other than that provided in the ordinance levying the taxes. KRS 92.330, 92.340, 92.360. As stated in Unemployment Compensation Commission v. Savage, 283 Ky. 301, 140 S. W.2d 1073, 1078, with reference to the constitutionality of an act of the Legislature, "we know of no authority for a return of a tax validly levied." It must be borne in mind that this is entirely different from refunding taxes collected under an invalid act or ordinance. The appellant seeks to escape the effect of these prohibitions by pointing out that under the severability section of the proposed ordinance, the section authorizing refund of taxes collected may be disregarded. Over

against this is the fact that KRS 89.610 requires the Board of Commissioners, if it passes a proposed, initiated ordinance, to do so "without alteration", or if it rejects the ordinance, to submit the question of its passage to a referendum of the electorate. We think the latter alternative provision also carries the bar against alteration, so the ordinance would have to be submitted in the form proposed.

This brings us to the question of whether or not the Board of Commissioners could refuse to provide for the referendum because they regarded the proposed measure as having no constitutional or statutory validity, and the question of whether the courts have authority to pass upon the validity before its enactment or adoption.

Not applicable are the decisions in other jurisdictions that a ministerial officer charged with the duty of providing for a referendum or putting the election machinery in motion may not refuse to act upon the ground that the measure would be unconstitutional or otherwise invalid. See Duggan v. City of Emporia, 84 Kan. 429, 114 P. 235, Ann.Cas.1912A, 719; Threadgill v. Cross, 26 Okl. 403, 109 P. 558, 138 Am.St.Rep. 964. Here it is a municipal legislative body, having the statutory duty either to adopt the proposed ordinance or to submit it to a referendum only in the event it is such a measure as the body has legal power to enact into a law of the city. We believe that the Board of Commissioners may exercise some degree of judgment in the first instance to determine the question, although it should be clear that the proposed ordinance is not such a measure as could not be enacted into a valid law before the Board refused to have it submitted to a referendum. It has been so held in effect in State ex rel. Halliburton v. Roach, 230 Mo. 408, 130 S.W. 689, 139 Am.St.Rep. 639; State ex rel. Davies v. White, 36 Nev. 334, 136 P. 110, 50 L.R.A.,N.S., 195; 28 Am.Jur., Initiative, Referendum and Recall, Sec. 32. In any event, as stated below, a resort to the courts is available whatever the action of the Board may be, and determination rests finally with the judiciary.

It is clear that mandamus lies to compel submission of an initiative or referendum proposition where all mandatory legal steps have been taken, or to restrain submission if necessary preliminary requirements have not been complied with sufficiently. McQuillan, Municipal Corporations, Sec. 16.68. But there is diversity of opinion whether courts should interfere where the question is such as requires adjudication upon the constitutionality or validity of an initiative or referendum measure before its enactment or submission. McQuillan, Municipal Corporations, Sec. 16.68; 28 Am.Jur., Initiative, Referendum and Recall, Sec. 32; Annotations, 50 L.R.A.,N.S., 224; L.R.A.1917B, 40. The view that the courts should not pass upon the validity of a proposed measure before its enactment rests upon the broad principle that courts will not interfere with legislation or upon the absence of judicial power to render advisory opinions. McQuillan, Municipal Corporations, Sec. 16.69; 28 Am.Jur., Initiative, Referendum and Recall, Sec. 32.

We do not think that in the present case it can be said that the parties have sought or the trial court has given a mere advisory opinion. The case of In re Constitutionality of House Bill No. 222, 262 Ky. 437, 90 S.W.2d 692, 103 A.L.R. 1085, cited by the appellant as holding that the courts of Kentucky will not render an advisory opinion, is not in point. The case pertains to the authority of the Court of Appeals to advise the General Assembly as to the constitutionality of a proposed act, and holds that it does not have such authority because the court has appellate jurisdiction only.

True, the decision to grant or deny mandamus rests upon the determination in advance of the invalidity of the proposed ordinance, but that does not make the decision merely advisory or constitute interference with the legislative province. The present action is between contending parties, and the subject matter contemplates the expenditure of public funds. We have held that actions of this character are maintainable in cases challenging the valid-

ity of a proposed amendment to the Constitution, Hatcher v. Meredith, 295 Ky. 194, 173 S.W.2d 665, and a call for a constitutional convention. Gaines v. O'Connell, 305 Ky. 397, 204 S.W.2d 425. Likewise, that publication of an act of the Legislature that is invalid may be enjoined upon the ground of an improper expense; also, that injunction is a proper remedy to prevent the holding of an election which would be void and cause an unnecessary and improper expense. Ginsburg v. Giles, 254 Ky. 720, 72 S.W.2d 438. Moreover, in a proper case validity of a proposed legislative enactment may be determined before actual adoption in a proceeding to compel or to prevent its submission to a required referendum where the public interest requires prompt decision, or it is necessary to a decision of the case in hand, such as the right to the issuance of a writ of mandamus. 16 C.J.S., Constitutional law, §§ 94, 95.

There is no right to obtain a vote of the people upon the enactment of legislation that would be invalid if approved by them. The court ought not to compel the doing of a vain thing and the useless spending of public money. Therefore, the writ of mandamus will be denied where the ordinance is unlawful or does not fall within the measures that may be referred. Hodges v. Dawdy, 104 Ark. 583, 149 S.W. 656; State ex rel. Cranfill v. Smith, 330 Mo. 252, 488 S.W.2d 891, 81 A.L.R. 1066; State ex rel. Davies v. White, 36 Nev. 334, 136 P. 110, 50 L.R.A.,N.S., 195; Attorney General ex rel. Hudson v. Common Council of City of Detroit, 164 Mich. 369, 129 N.W. 879; Parker v. State ex rel. Powell, 133 Ind. 178, 32 N.E. 836, 33 N.E. 119, 18 L.R.A. 567; State ex rel. Foote v. Board of Com'rs of City of Hutchinson, 93 Kan. 405, 144 P. 241. While the question of power or right to pass upon the validity of an ordinance before enactment was not raised, it was recognized by this court in Beierle v. City of Newport, 305 Ky. 477, 204 S.W.2d 806, that the Board of Commissioners, defendants in the instant case, had no authority to pass an initiated ordinance levying occupational taxes on operators of gambling devices or takers of bets on horse races because such an ordinance could not be initiated in view of the statute which makes such operations illegal.

Accordingly, the judgment denying the writ is affirmed.