CITY OF TROY v. THE A. & N. RAILROAD CO., *et al.*

1. CONTRACT OF CITY; *Power to Contract.* Where a city has made a valid subscription of $50,000 to a railroad company, and issued $25,000 of its bonds in payment of one-half the subscription, it can make a valid contract whereby in consideration of its stock in the company, and $6,000, it is relieved of any liability for the remaining $25,000 of its subscription; and this, whether it has issued its bonds for said $25,000 or not.

2. CITY ORDINANCE; *Evidence; Equitable Estoppel.* Where a city lails to
provide any book for the record of its ordinances, but its ordinances,
after their passage and approval, are placed and kept on file in the office
of the city clerk, and a third party obtains a duly certified copy of an
ordinance so placed and kept on file, and acts in good faith upon such
ordinance, and is induced partly thereby to make a large expenditure
of money, in a subsequent controversy between such city and such third
parties or their assigns the rule of equitable estoppel will apply to such
city, and the due passage and existence of said ordinance may be shown
by parol testimony.

## *Motion for a Rehearing.*

THIS case was brought to this court on error from Doni-
phan district court, and was heard and decided at the July
Term 1873, and is reported in 11 Kas., 519, where a full
statement of the facts will be found. This court affirmed
the judgment of the court below. After the opinion was
filed, (11 Kas., 526,) the plaintiff in error, *The City of Troy*,
filed a motion for a rehearing. The grounds of said motion
are sufficiently stated in the opinion, *infra.* No briefs.

*Nathan Price*, in support of said motion.

*W. W. Guthrie*, in opposition.

The opinion of the court was delivered by

BREWER, J.: Counsel presses earnestly on our attention,
upon a motion for rehearing, two principal points. First, he
claims that the court erred in its statements as to the issue of
$25,000 of city bonds, and hence erred in its judgment as to
the power of the city to make the contract referred to. There
was a slight error in the statement of facts in the opinion
filed in this case, (11 Kas., 526,) though the facts are cor-
rectly stated in the opinion filed when the case was here on
error to reverse the temporary injunction order. (*A. & N.
Rld. Co. v. City of Troy*, 10 Kas., 517.) The error is this:
The city subscribed for $50,000 of stock, to be paid for with
$50,000 of its bonds. The opinion states that $25,000 of
these bonds had been issued, and the remaining $25,000 were

placed in the hands of trustees as security only for the payment of $6,000. The facts are, as a re-examination of the record shows, that no bonds were issued except the $25,000 placed in the hands of the trustees as security. But this certainly cannot alter the power of the city. A valid contract of subscription having been made, it was entitled to $50,000 of stock, and owed $50,000 of bonds.

1. Power of city to contract.

The issue of these bonds could have been enforced by mandamus. It could in like manner have compelled the issue of the stock. With the legal rights and obligations existing by virtue of this contract of subscription, it can contract in reference to those rights and obligations, as well as it could in reference to the bonds and stock when already issued. It sold its right to the stock, and was released from its obligation to issue the bonds, for the sum of $6,000 — a contract it had the same right to make that it would have had, in case both bonds and stock had been issued, to have purchased its outstanding bonds by the sale of its stock and the payment of a difference of $6,000. We regret the error in the statement of the facts, and are grateful to counsel for calling our attention to it. But we cannot see that the change in the facts affects in the slightest the question as to the power of the city. It was not an error that affected the nature of the original contract of subscription, or the later one of sale, but only the extent to which the original contract had been carried into effect by one party to its terms.

The other, and really the important point is, that the court sustained the introduction of parol testimony to show the passage of an ordinance. A careful re-examination of the question does not satisfy us that we were wrong in the views expressed in the opinion, and those views we reaffirm. It may perhaps be proper to state, in order to guard against misapprehension, that we do not by any means hold that a party may, independent of any question of equitable estoppel, and without other and corroboratory circumstances, introduce parol proof of the passage of an ordinance and found thereon any claim against the city.

2. Equitable estoppel; city ordinance; evidence.

Here the findings show that the Railroad Company had, on the strength of the acts of the city, and relying on the certified copies of the ordinance and other proceedings of the city council, duly attested, been to an extra expenditure of a large sum of money, facts presenting a strong foundation for the application of the doctrine of equitable estoppel. A certified copy of the ordinance duly attested by the proper officers is in evidence. Record evidence is before the court also of the passage by the council of resolutions and of other proceedings of the council, which imply the previous passage of such an ordinance, and are meaningless without it. An election, which is a matter of public notoriety, is shown to have been held, an election which implied the existence as well as required the authority of a prior ordinance, and public notice of which is shown to have been posted about the city. The ordinance itself is produced from the files of ordinances kept by the city register. The testimony of the city officials is, that they had no book in which to record the ordinances, and that they were thus kept on file, waiting till some book should be purchased in which to record them, and also that the proceedings of the council were kept on slips and pieces of paper. Under all these corroboratory circumstances, and with the pressure of the equitable estoppel, we cannot say that the district court erred in admitting parol proof that the ordinance did as a matter of fact pass the council and receive the approval of the mayor.

The distinction which counsel presses between acts which are within the scope of the ordinary powers of a city, and those which belong only to its extraordinary powers, does not seem to us to be material in this case.

The motion will be overruled.

All the Justices concurring.