DINNING *v.* MOORE.

Opinion delivered March 22, 1909.

MUNICIPAL CORPORATIONS—PROCEEDINGS OF BOARD OF HEALTH—HOW PROVED.—
Under Kirby's Digest, § § 5722, 5723, providing that the board of health of any city may direct property owners to make connection with adjacent sewers, and that upon their failure to make such connection it shall be the duty of the board to have it made and to charge the property therewith, it is necessary that the proceedings of the board of health, with reference to such connections, should be entered of record in order to bind a property owner.

Appeal from Phillips Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*W. G. Dinning,* city attorney, for appellants.

1. The board had power to order the sewer put in. Kirby's Digest, § 5722.

2. There is no rule of law that makes the record the only evidence of the proceedings of a board of health. 65 Ark. 613; 93 S. W. 928; 105 *Id.* 270; 83 Mo. 123; 53 Am. Rep. 565. It may be established by parol. 17 Cyc. 498; 11 N. E. 16; 51 Pac. 442; 28 Atl. 995; 27 *Id.* 856; 55 Pac. 52; 88 N. W. 614; 51 Pac. 505; 80 Fed. 366; 64 Ark. 599.

*R. D. Campbell* and *Jacob Fink,* for appellee.

There is no competent evidence showing that the board of health made any order requiring appellee to make connection with the sewer. The orders and proceedings are required to be kept of record. Parol evidence is not admissible. Kirby's Digest, § § 5525, 5722-3; 17 Cyc. 497; 21 *Id.* 403; 2 Smith, Mun. Corp. § 1072; 1 Dillon, Munc. Corp. § 371 note 2; 15 Wend. 397-9; 18 *Id.* 173; 73 Pac. 270; 8 Ind. 504; 29 Pac. 430; 22 N.

E. 484.; 12 *Id.* 513; 38 Me. 164; 17 Minn. 91; 37 Vt. 40; 10 Enc. Ev. p. 982; 66 Ark. 539; 35 *Id.* 75; 124 Ind. 86; 26 Mich. 44; 69 N. E. 40; 56 S. W. 560. There was no competent evidence before the court.

BATTLE, J. W. G. Dinning and W. C. Russwurm, constituting the board of health of the city of Helena, Arkansas, instituted a suit against John P. Moore, in the Phillips Chancery Court, to recover $187 and certain penalties and costs, and for the purpose of having the same declared a lien upon a certain lot in said city.

"The complaint charges that the plaintiffs, constituting the Board of Health of the City of Helena, Arkansas, on the ...... day of January, 1905, issued an order requiring John P. Moore, the owner of lot 1, block 5, 'New Helena,' to construct a sanitary sewer and drainage thereon for the purpose of draining therefrom all excrement, filth and waste water upon said premises and discharging same into the city sewer. That due notice of the order in the form required by law was served upon defendant upon the 17th day of January, 1905, That defendant failed and refused to comply with the order, and that, after a reasonable time, the board of health, by contract with the lowest bidder in the manner prescribed by law, caused the sewer to be constructed on the premises at a cost of $187. That the sewer and drainage were thereafter in daily use by the defendant. That plaintiffs are entitled to recover the sum of $187, and as penalty the further sum of $37.40, and all costs of suit, for all of which plaintiffs pray judgment, and that same be declared a lien on said premises."

The defendant answered and admitted that he was and is the owner of lot numbered one in block numbered five in the addition to the city of Helena, Arkansas, known as "New Helena," and specifically denied the other allegations in the complaint.

Section 5525 of Kirby's Digest provides as follows: "The city council (of cities of first and second class) shall have power to establish a board of health * * * *; to invest it with such powers and impose upon it such duties as shall be necessary to secure the city and the inhabitants thereof from the evils of contagious and malignant and infectious diseases; to provide for

its proper organization, and the election or appointment of the necessary officers, and to make such bylaws, rules and regulatons for its government and support as shall be required for enforcing the prompt and efficient performance of its duties and the lawful use of its powers."

The city of Helena, in the exercise of this power, passed an ordinance as follows: ·

"Sec. 57. That there is hereby created and established a Board of Health of the City of Helena, the membership of which shall be composed of persons holding the membership of the committee known as the 'Sanitary Committee of the Council of the City of Helena.' And that said persons shall, for and during the time that they shall be members of said sanitary committee, be and constitute the Board of Health, and be invested with and perform all the duties and powers as such.

"Sec. 58. Said Board shall elect its own President and Secretary, who shall each hold office during the pleasure of the Board, until his successor is elected and qualified. Said Board shall determine the time of meeting, and keep a record of its proceedings, and of all rules and orders made by them."

Section 5722 of Kirby's Digest reads as follows: "After the completion of any sewer or branch sewer, authorized to be built under the provisions of this act, it shall and may be lawful for the board of health of any city to which this act is applicable to order any one or more property owners near or adjacent to any sewer to construct upon their property sewers leading from some point or place on their premises to the sewer of the city, for the purpose of draining off surface or other water, and for the purpose of conducting any excrement that may be at or about said premises and filth of every nature, character and description into the sewer belonging to the city. In the order so issued to construct the sewers aforesaid, for the purpose aforesaid, 'the time within which the same shall be completed, the nature and character of the material to be used in the construction thereof, and the place of tapping the sewers of the city shall be designated, as well as the manner of doing the same."

And section 5723 provides that "if the owner of said property shall neglect or fail to make the sewer so ordered within the time in said order so prescribed," it shall be the duty of the

board to have it constructed and charge his property therewith.

An agreed statement of facts was filed and read by the parties as evidence in the hearing of this cause. The minute or record book referred to therein is the record of the proceedings of the Board of Health of the city of Helena. The agreed statement is, in part, as follows:

"It is further agreed, as a fact, that said minute book at no place shows that lot one (1), block five (5), New Helena, was found by the board of health to be in an unsanitary condition. It is further agreed as a fact that no record was found in said book where the board of health directed or ordered that lot one (1), block five (5), New Helena, should be connected in any way with the sewer.

"It is further agreed, as a fact, that said record or minute book does not disclose that the Board of Health ordered or directed that John P. Moore be notified to make sewer connections of any kind for the house situated on lot one (1), block five (5), New Helena. It is further agreed that it is a fact that said record book does not disclose where any order or motion or resolution of the board of health was adopted, submitting the work to be done on said lot one (1), block five (5), New Helena, to bidders, nor is there any record showing that any bids were accepted and that the work was ordered to be done.

"It is further agreed as a fact that said minute book does not show where the board of health at any time required lots one (1) and two (2) in block five (5), New Helena, to have bar fixtures, sinks, etc., to be connected with the sewers.

"It is further agreed as a fact that said minute book does not show that the board of health by resolution, motion or otherwise directed said sewer connections to be made with lot one (1), block five (5), New Helena, belonging to John P. Moore, at the expense of said Moore."

Plaintiffs undertook to prove by parol evidence that the order mentioned in their complaint was made by the board of health.

The chancery court found in favor of the defendant, and dismissed the complaint of plaintiffs for want of equity; and plaintiffs appealed.

The question in this case is, is parol evidence admissible to

prove that an order was made by the board of health, requiring John P. Moore, the owner of lot 1, block 5, in New Helena addition, to construct a sewer to drain therefrom all excrement, filth and waste water thereon and discharge the same into the city sewer?

· Sound public policy requires that proceedings of boards of health and other bodies affecting the titles of real estate should be made a matter of record. The title to such property cannot be perpetuated by the memory of witnesses until it shall cease to exist, and hence records are prepared for that purpose. The ordinances of the city of Helena wisely requires that the Board of Health shall "keep a record of its proceedings, and of all rules and orders made by them." Such proceedings and orders often affect real estate, and the ordinances to that extent at least should be upheld and enforced.

In *Meeker* v. *Van Rensselaer,* 15 Wend. 397, the defendant was sued for pulling down five dwelling houses. Several witnesses testified that the houses were a nuisance, which could be abated in no other way than that resorted to. The defendant proved that the board of health of the city had directed the nuisance to be abated. To this proof the plaintiff objected, insisting that the minutes of the board or written evidence of the orders should be produced. The objection was overruled, and parol evidence was received. Savage, C. J., delivering the opinion of the court, said:

"It was objected that parol evidence should not have been received of the orders of the board of health. This objection was well taken. The board of health is a tribunal created by statute, clothed with large discretionary powers, and, being a public body, its acts should be proved by the highest and best evidence which the nature of the case admits of. Every proceeding of a judicial character must be in writing. It is not to be presumed that the minutes of their proceedings are not kept by such a body, and that determinations which seriously affect the property of individuals were not reduced to writing, but rest in parol."

In *Byer* v. *Newcastle,* 124 Ind. 86, it is said: "The right of third persons, who acted in good faith in reliance upon the proceedings of a corporate board, can not be prejudiced by the default or neglect of the officers of the corporation who fail to

keep a proper record of its acts or proceedings. *Troy* v. *A. & N. R. Co.*, 13 Kan. 70. In like manner, where a third person has actually received the benefit or consideration which resulted from the proceedings of a board of trustees, he may be estopped to deny the regularity of the proceedings, while retaining the consideration, on the ground that they were not properly entered of record. Where, however, an attempt is made to appropriate the property of an individual, the record of the board of trustees must be made to show that the steps necessary to accomplish the appropriation were taken, unless the owner of the land has in some way estopped himself from denying the fact of appropriation. *Aurora* v. *Fox*, 78 Ind. 1. It would be going too far to hold that a municipal corporation might prove by parol that the essential steps required to be taken by the body representing the municipality in proceedings to appropriate real estate had been taken, although the records of the corporation indicated nothing upon the subject. Whether the board might cause its records to be corrected is quite a different question, with the decision of which we are not now concerned. *Chamberlain* v. *Evansville*, 77 Ind. 542."

Here the board of health seeks to establish liens upon and, if need be, appropriate real estate to the satisfaction of such lien, by virtue of orders which, if made, were not entered of record upon its minutes. Under the ordinance of its creation, this cannot be done.

Decree affirmed.