## Fiscal Court of Mercer County .v. Gibbs.

(Decided October 27, 1915.)

Appeal from Mercer Circuit Court.

Officers—Increase or Decrease of Compensation.—Where the duty devolves upon the fiscal court to fix the salary or compensation for a county officer, it is the duty of the court, by an order previous to his election, to fix his compensation for each year of his term, and where this has been done, the fiscal court has no power to change his salary or compensation after his election and during his term of office.

R. W. KEENON for appellant.

EMMET PURYEAR for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

H. L. Gibbs, the appellee, was elected Clerk of the Mercer County Court, for the term beginning on the first Monday in January, 1914, and continuing for four years thereafter. Kentucky Statutes, Section 1835, provides as follows:

"The clerk of the county court of each county shall, by virtue of his office, be clerk of the fiscal court. He shall attend its sessions and keep a full and complete record of all its proceedings, with a proper index. For his services, the fiscal court shall annually make him a reasonable allowance, to be paid out of the county levy."

It is the duty of the county court clerk to act as the clerk of the fiscal court, just the same as it is his duty to perform any other services required of the county court clerk by the laws of the state.

Previous to the election of appellee, at a regular session of the fiscal court, a resolution was adopted fixing the salaries of the county judge, county attorney, school superintendent, and the county court clerk, as clerk of the fiscal court, for the term beginning on the first Monday in January, 1914. This action was taken by the fiscal court on the 18th day of October, 1913. The salary or compensation to the county court clerk, for his services as clerk of the fiscal court, was fixed at the sum of $500.00 per year. The appellee was inducted into office on the first Monday of January, following, and thereafter, the fiscal court, at a session held on the 12th day of September, 1914, undertook to change the salary or

compensation of the county clerk for his services as clerk of the fiscal court, by the adoption of a resolution allowing him only the sum of $100.00 for his services as clerk of the fiscal court for the year, 1914. The appellee objected to the resolution and from it prayed an appeal to the circuit court. The case was there tried upon an agreed state of facts, which consisted substantially of what has been heretofore stated in this opinion, as the facts of the case, and upon that state of facts and the copies and orders of the fiscal court adjudged that the order appealed from, which was made on the 12th day of September, 1914, was void, for the reason that the salary of the clerk of the fiscal court was fixed by an order previous to his election, for the term of four years, and that the fiscal court had no authority to change that compensation during the present term of the appellant in his office. The appellant objected to this judgment and excepted, and prayed an appeal to this court which was granted.

The compensation provided by law for the services of the clerk of the county court is the fees, which he is authorized by law to collect for the various services, which he is called upon to render, and which fees are fixed by statute, and the amount to be allowed and paid to him for the services rendered by him as clerk of the fiscal court. All of it constitutes the compensation of his office. His term of office is four years. The duties which he may be called upon to render as clerk of the fiscal court may be greater and more onerous during one year of his term than another. The same may be said of the duties performed by the county judge, the county attorney, the county treasurer, and the superintendent of schools. Section 161, of the Constitution, provides that the compensation of a county officer shall not be changed after his election or appointment or during his term of office, and Section 235, of the Constitution, provides that the salaries for public officers shall not be changed during the term for which they were elected. The reason for these constitutional restraints upon the power to change the compensation or salary of an officer after his election or during his term of office lies in the fact, that if there was not such a restraint, it would induce a continuous campaign upon the part of an officer, and his adherents, to secure an increase in his compensation, beyond a just and reasonable sum, by the exercise of the in-

fluence of his official position and association upon those having authority to make the increase; and upon the other hand, it would induce the enemies, which he might accumulate by a strict performance of his duties or his political adversaries, to take revenge upon him by decreasing his compensation to a sum below what was just and reasonable, or to such a limited sum as to compel his abandonment of the office.

In Commonwealth, et al v. Addams, 95 Ky., 590, construing Section 161, of the Constitution, this court said:

"So, by these express provisions of the organic law, it was evidently intended to prevent any interference with the salary or compensation of a public officer during his term of office."

Where the duty devolves upon the fiscal court of a county to fix the compensation or salary of any county officer, it is the duty of the fiscal court, by an order entered before the election of the officer, to fix the salary for each of the years during the term for which he holds the office, and when such order has been made fixing the salary of a county officer for the ensuing years of his term, previous to his election, the fiscal court has no power to change his compensation and to make it either greater or less, after his election. Piercy v. Smith, 117 Ky., 990; Breathitt County v. Noble, 117 S. W., 777; City of Louisville v. Wilson, 99 Ky., 599; Marion County v. Kelley, 112 Ky., 831; Barrett v. City of Falmouth, 109 Ky., 151; Jefferson County v. Waters, 114 Ky., 48; Butler County v. James, 116 Ky., 575; McNew, &c. v. Commonwealth, for use, &c., 123 Ky., 119; Fox v. Lantrip, 162 Ky., 178; Hurt v. Morgan County, 166 Ky., 364.

For the reasons stated, the judgment appealed from is affirmed.