# DECISIONS

OF THE

# Court of Appeals of Kentucky

## WINTER TERM, 1919.

### Neutzel, Clerk v. Fiscal Court of Jefferson County.

(Decided January 24, 1919.)

#### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Officers—Compensation or Salary of—Constitutional Law.—Under sections 161 and 235 of the Constitution neither the compensation nor the salary of any public officer can be changed during the term for which he was elected.
2. Officers—Jefferson County Court—Increase of Fees of County Clerk—Constitutional Law.—An act of the legislature increasing the fees of the clerk of the Jefferson county court did not apply to the officer during the term the act was passed.
3. Officers—Clerk of Jefferson County Court—Compensation of.—The compensation of the clerk of the Jefferson county court cannot under any circumstances exceed seventy-five per cent of the amount collected and turned into the state treasury.
4. Officers—Fees of—Increase in For Benefit of State.—The legislature may increase the fees that may be charged for services performed by an officer and provide that the increase may be collected by the officer and turned into the state treasury.

J. S. LUSCHER and C. H. SEARCY for appellant.

J. MAT CHILTON and NAT C. CURETON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Reversing.

This litigation grows out of a controversy between Neutzel, clerk of the Jefferson county court, and the

fiscal court that has charge of the fiscal affairs of the county, as to whether the clerk should be allowed the increased fee for rendering certain service that was authorized by an act of the legislature passed after his term of office commenced.

At the time Neutzel was elected clerk of the Jefferson county court there was a law in effect allowing clerks five cents for each tax bill made out for the sheriff or collector of taxes. After his election, and in 1918, the legislature so amended the former law as to give clerks seven cents for each tax bill made out.

Assuming that he was entitled to the increased fees allowed by the act of 1918 the clerk presented his claim therefor to the fiscal court and upon their refusal to pay the increased fees he brought this suit in the Jefferson circuit court to compel them by mandamus to do so, and the circuit court having decided against him he prosecutes this appeal.

It is provided in section 161 of the Constitution that: "The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office." And also in section 235 of the Constitution that: "The salaries of public officers shall not be changed during the terms for which they were elected."

Under these constitutional provisions it has been written in numerous cases that neither the compensation, whatever may be the method of its payment or the service for which it is charged, nor the salary, if the office be a salaried one, of a public officer can be changed in any manner during his term of office either by increasing or reducing his compensation or his salary. If the compensation of the public officer is derived from fees for specified services, these fees cannot be diminished or increased during his term; and if he is paid a fixed sum as a salary for each day or week or month or year his salary cannot be decreased or increased during his term. In other words, the purpose of these provisions was to secure to the officer during the term of his office exactly the same compensation or salary, no more and no less, than under the law he was entitled to receive at the time he was elected to the office. Thomas v. Hager, 120 Ky. 428; Frizzel v. Holmes, 131 Ky. 373; James v. Barry, 138 Ky. 656; Greene v. Cohen, 181 Ky. 108. Therefore if these provisions of the Constitution are applicable to

the case we have there is no room to doubt that the court below properly refused to allow the clerk to recover the increased fee authorized by the act that became a law after his election. Indeed this is conceded by his counsel.

It is contended, however, that the right of the clerk to the increased fee provided by the act of 1918 is not to be controlled or determined by the sections of the Constitution referred to, the argument in this behalf being that these sections are not applicable to the clerk of the Jefferson county court, as Jefferson county has a population of more than seventy-five thousand, and under the Constitution and Statutes the compensation of the clerk of that county is regulated by section 106 of the Constitution and sections 1761, 1762, 1763, 1764 and 1769 of the Kentucky Statutes.

Section 106 of the Constitution reads in part as follows: "In counties or cities having a population of seventy-five thousand or more, the clerks of the respective courts thereof (except the clerk of the city court), the marshals, the sheriffs and the jailers, shall be paid out of the state treasury, by salary to be fixed by law, the salaries of said officers and of their deputies and necessary office expenses not to exceed seventy-five per centum of the fees collected by said officers, respectively, and paid into the treasury."

Section 1761 of the Kentucky Statutes provides that the clerk of each county having a population of seventy-five thousand or over shall, on the first day of each month, send to the State Auditor of Public Accounts a statement showing the amount of money received or collected by him during the preceding month, and with such statement shall send the amount so collected.

In section 1762 it is provided that the clerk shall receive an annual salary of five thousand dollars and the number of his deputies and the compensation to be received by each and the amount allowed for the expenses of his office shall be regulated and fixed by the circuit court at a sum not exceeding two thousand dollars per year for his chief deputy and fifteen hundred dollars per year for his other deputies.

In section 1764 it is provided that: "The salary of each officer, his deputies and expenses of office, shall be paid monthly by the treasurer of the state upon the warrant of the auditor, made payable to the officer. If seventy-five per cent of the amount paid into the state

treasury in any month is not sufficient to pay the salaries and expenses for that month, the deficit may be made up out of the amount paid in any succeeding month; but in no event shall the amount paid by the auditor to any officer for salaries and expenses exceed seventy-five per cent of the amount paid into the treasury each month by such officer, during his official term.''

It is further provided in section 1769 that if the amount paid to the clerk during his term out of the fees paid by him to the auditor shall not be sufficient to pay the salaries and expenses of his office the State Auditor shall, out of the money collected and paid in by his successor that was due on account of fees earned during his term that were turned over to his successor to collect and by him paid to the auditor, pay to him ''an amount sufficient to supply the deficit due for salaries and expenses, not exceeding seventy-five per cent of the amount of fees accrued during his official term, and which shall have been collected and paid into the treasury.''

It will be observed that under these constitutional and statutory provisions the salary of the clerk of the Jefferson county court and his deputies and the office expenses shall not exceed' seventy-five per centum of the fees earned during his term and paid into the state treasury by him or by his successor. All the fees collected by his office must be paid into the state treasury and the treasurer in turn must pay to him out of the amount received on account of such fees the amount allowed to him, his deputies and for office expenses not exceeding seventy-five per centum of the amount turned in to the state treasury. In no event and under no circumstances can there be paid out of the state treasury to the clerk for himself, for his deputies or his office expenses a sum in excess of seventy-five per cent of the amount he has paid into the treasury, or that his successor has paid in out of the fees turned over to him for collection.

If seventy-five per cent of this amount will satisfy in full the salaries and expenses, well and good; but if seventy-five per cent will not satisfy them then the clerk and his deputies must lose the difference between the amount they were allowed and the amount they can be paid out of the seventy-five per cent.

It therefore seems quite clear that the clerk is personally and directly interested in any action of the legislature that would, during his term, either increase or re-

duce the fees of his office. A reduction, if allowable, might result in reducing the salaries of the office. An increase, if allowable, might make perfectly secure the salaries allowed. Accordingly we think that sections 161 and 235 of the Constitution apply to the clerk of the Jefferson county court and that the legislature cannot either reduce or increase for the benefit of his office the fees of the office during the term. The clerk of the Jefferson county court is entitled, as are all other public officers, to have the fees and salaries remain as they were when he was elected.

But the fact that the legislature cannot, under the constitutional provisions referred to, interfere with the fees to which the clerk or public officer is entitled when he is elected to office does not prevent it from increasing the fees during his term and providing that the increase shall be paid into the state treasury for the use and benefit of the state.

We think the legislature may at any time, and during the term of any officer, increase the fees that may be charged for services performed by him and provide that the increase may be collected by the officer and turned into the state treasury. Such a law might be so framed as to be in force for the use and benefit of the state not only during the term of the officer in whose term the act was passed but during the terms of his successors in office. Whether such an act would affect the fees of officers mentioned in section 106 of the Constitution who were elected after it took effect we do not decide.

And as the fees of this office are to be paid into the state treasury, the clerk, under our view of the law, is entitled to collect in this action for the state the excess allowed by the act of 1918, but in this excess the present clerk or his office has no interest whatever. The clerk merely collects it for the state and pays it into the state treasury for the use and benefit of the state.

We do not mean to say, however, that his successor in office will not be entitled to seventy-five per cent of the fees fixed by the act of 1918. We only hold that the act of 1918 does not apply to or in any manner affect the present clerk or his office.

It follows from what we have said that the judgment must be reversed with directions to overrule the demurrer to the petition and for proceedings not inconsistent with this opinion.