## Olive v. Coleman, Auditor.

(Decided February 19, 1929.)

W. A. BERRY and TURNER & CREAL for appellant.

J. W. CAMMACK, Attorney General, and JAS M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

J. A. Olive was elected clerk of Graves county at the regular election in November, 1925, and entered upon the performance of his duties on the first Monday in January, 1926. The General Assembly, at its session in 1926, passed an act requiring the county clerks of the state to calculate the taxes due the state, county, school, county polls, and school polls for the individual taxpayers opposite their names in the tax books upon forms prescribed by the state tax commission. For the services thus required of them, the county clerks were to be paid the sum of 12 cents per line across the page of the tax books, one-half of the compensation to be paid by the state and the other half by the county. Acts of 1926, c. 173, p. 830. Olive performed the work imposed upon him by the statute, which, at the rate specified, entitled him to $1,113.96. He formally demanded of the auditor of the state that one-half thereof be paid to him by the commonwealth. The auditor, upon the advice of the Attorney General, declined to make the payment. The advice of the Attorney General was based upon the belief that the statute would violate the Constitution if applied to clerks then in office, in that it changed their salary or compensation. Constitution, secs. 161, 235. This action was instituted in the Franklin circuit court to compel the auditor to honor the

128

claim. A demurrer was sustained to the petition, resulting in its dismissal and this appeal.

Counsel concede that the question has been determined adversely to the appellant in a number of cases, of which Green v. Bell County, 222 Ky. 328, 300 S. W. 857, and Neutzel v. Fiscal Court, 183 Ky. 1, 208 S. W. 11, are typical. But it is urged that cases are unsound and should be definitely overruled.

In the recent case of Coleman v. Hurst, 226 Ky. 501, 11 S. W. (2d) 133, the opinions of this court involving the question are exhaustively reviewed, and the principles on which the two lines of decision are rested are adequately explained. It would serve no useful purpose to review the subject again. The Constitution has been constantly construed to inhibit any change in the compensation or salary of a public officer after his election, and the reach and significance of sections 161 and 235 have been frequently delineated and definitely defined. We are not persuaded that the decisions are unsound. They rest upon plain provisions of the Constitution. They were designed to forbid any post-election alteration in the compensation of public officers. There is no provision of the Constitution forbidding a change in the duties of public officers, and so the Legislature may add to or take from official duties, but may not change the compensation of the official. The operation of the constitutional principles may work individual hardship in some instances, but the provisions are mandatory and such hardship may not be avoided. We are bound by the many decisions construing the sections, supra, and a reconsideration confirms us in the conclusion that the established construction is fundamentally sound.

It follows that the circuit court ruled rightly in sustaining the demurrer to the petition and in dismissing the action.

The judgment is affirmed.