## Pursifull v. Taxpayers' League of Bell County et al.

(Decided Dec. 18, 1934.)

W. L. HAMMONDS and N. R. PATTERSON for appellant.

MARTIN T. KELLY for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The judgment is against J. M. Pursifull for $1,440 covering an increase in salary during his term as clerk of the fiscal court of Bell county.

For at least eight years before 1930, the clerk was paid $60 a month for these services without any order fixing that as the salary. After Pursiful entered upon his term beginning the first Monday in January, 1930, the fiscal court on February 4, 1930, "ordered that J. M. Pursifull, County Clerk, be allowed $60 per month for attending the Fiscal Court and issuing warrants ordered by it, and keeping its records." On February 4, 1931, this order was entered:

> "Motion by Jacob Schultz and seconded by G. W. Fields that the County Court Clerk's salary be $100 from January 1, 1931, to the first Monday in January, 1934. All voted 'Yea.' "

Under this last order Pursifull was paid $100 a month during the years 1931, 1932, and 1933. The suit by the Taxpayers' League of Bell county, a corporation, and

several citizens and taxpayers attacked the allowance in its entirety, but the trial court held void only the order of February 4, 1931, endeavoring to increase the salary, and rendered judgment for the use and benefit of the county for the excess of $40 a month.

Section 1835, Kentucky Statutes, is as follows:

> "The clerk of the county court of each county shall, by virtue of his office, be clerk of the fiscal court. He shall attend its sessions and keep a full and complete record of all its proceedings, with a proper index. For his services the fiscal court shall annually make him a reasonable allowance, to be paid out of the county levy."

It is the contention of the appellant that under this statute the fiscal court was authorized to fix a salary or make an allowance only for one year at a time so that the order of February 4, 1930, covering only that year is to be so construed and therefore the order of February 4, 1931, was necessary and proper. However, the last order covered three years. The language of the statute is unusual. It does not provide for the allowance of an annual compensation, but, read strictly, provides that the fiscal court shall act annually in making an allowance for the services. If this statute stood alone, the appellant's argument that discretion is vested in the fiscal court to change the compensation each year would perhaps be sound, but the statute must be read in connection with section 161 of the Constitution, which is as follows:

> "The compensation of any city, county, town, or municipal officer shall not be changed after his election or appointment, or during his term of office; nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed."

Section 235 of the Constitution provides generally that the salaries of public officers shall not be changed during the terms for which they were elected.

In the light of these mandatory provisions of the Constitution, the argument becomes untenable. It is a rule of statutory construction that if a statute can be made to harmonize with the Constitution, that construction will be given and the statute held valid. If it cannot be thus harmonized, then it must fall. Patterson v.

Lawson, 255 Ky. 781, 75 S. W. (2d) 507. The statute should therefore be interpreted as providing for the same annual compensation throughout the term of office, although such allowance may be paid monthly or otherwise. This is the interpretation placed upon this statute in Fiscal Court of Mercer County v. Gibbs, 166 Ky. 434, 179 S. W. 409, where an attempt was made to reduce the salary of the county clerk for his services as clerk of the fiscal court. The reasons and authorities therein given need not be reiterated. There are many other cases applying these constitutional prohibitions to different officers. Others relating to county clerks are, Neutzel v. Fiscal Court of Jefferson County, 183 Ky. 1, 208 S. W. 11; Olive v. Coleman, 228 Ky. 127, 14 S. W. (2d) 404.

It may be observed that the General Assembly of 1932 (chapter 131, Session Acts) amended section 1072 of the Statutes (Ky. St. Supp. 1933), and it is now expressly required that the salary of the clerk of the fiscal court shall be fixed at the same time and in the same manner as the salaries of the county judge and county attorney.

The judgment is affirmed.

Whole court sitting.