## Wyatt v. City of Danville.

Jan. 31, 1939.

WILBUR FIELDS and C. C. BAGBY for appellant.

P. J. CLARKE, HENRY JACKSON and CLAY & CLAY for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Appellant, Ralph C. Wyatt, is appealing from a judgment rendered under a verdict where the jury had been peremptorily instructed to find for the appellee, City of Danville, on its counterclaim in the sum of $276.92. Wyatt, who served as city engineer of Danville from 1932 to the early part of 1936, sought to recover the sum of $1200 from the city over and above his regular salary of $3600 a year for services rendered as engineer and agent of the city on the improvement and extension of the city's water plant from funds advanced in part by the Federal Public Works Adminis-

tration. In its answer to Wyatt's petition the city stated that the ordinance designating Wyatt as engineer and agent for the city in preparing plans and in directing the improvements on the water plant and fixing his compensation for such services at $1200 was adopted by the city council under false and fraudulent representations made by Wyatt. The answer further stated that the ordinance was in violation of the Constitution and against public policy, and therefore null and void and of no effect. As counterclaim the city sought to recover $276.92 from Wyatt, which sum had been withheld by him from an advancement to him as agent for the city by the Federal Public Works Administration in the early part of 1936.

Danville is a city of the fourth class. Under section 3558 of the Statutes a city of the fourth class is authorized to elect a city engineer. This section provides:

"It shall be lawful for the board of council to elect a city engineer, to hold his office for a term of two years. The time for his election, his salary and duties, shall be as may be fixed by ordinance, except as provided herein."

Ordinance No. 528 of the City of Danville created the office of city engineer and fixed his salary at $3600 a year. As to the engineer's duties the ordinance provided that:

"* * * The city engineer shall perform all of the engineering work for the city and shall have supervision of the repairs, maintenance, construction and reconstruction of streets, sidewalks and public ways and the drainage in connection therewith, and supervision of the disposal of garbage and trash. He shall also supervise the construction of sanitary and storm sewers and any other construction as directed by the Board. Storm sewers and surface drainage shall be maintained under the supervision of the city engineer, but the sanitary sewer system after construction shall be directed as a part of the Water Department and shall be maintained and supervised by the department * * *."

A subsequent ordinance provided, among other things, for the allocation of the engineer's salary of $3600 to various functional departments, including $150

as superintendent of the city's waterworks. That ordinance provided in part as follows:

"The City Engineer will perform all duties provided by the ordinance No. 528 and in addition thereto he will act as superintendent of the waterworks system under the direction of the Water Committee. He will also be superintendent of streets and sewers and custodian of property owned by the city, and will be responsible for the care and maintenance. He will also be purchasing agent for the city and will take bids for and purchase all supplies, but subject to the approval of this Board * * *,"

It seems that an arrangement was worked out whereby the funds furnished by the Public Works Administration for the improvement of the water plant were paid to Wyatt as agent for the city. These payments included a weekly allowance for Wyatt's service as engineer on the project. The allowances for engineering services totaled approximately $4000. Wyatt's term of office ended December 31, 1935. It appears from his own testimony, however, and from that of a member of the city council, that he agreed to continue as city engineer until the new engineer got on the job, which was sometime about the 1st of February, 1936. Wyatt paid over to the city all of the money which had been advanced by the Public Works Administration for engineering services except the sum of $276.92, which, according to his contention, represented payment for his services as agent and engineer for the city on the water project after January 1, 1936. In urging reversal Wyatt contends that the ordinance designating him as agent and engineer on the waterworks project and allowing him $1200 for such services was not void and in violation of section 161 of the Constitution, and also that the court erred in instructing the jury to find for the city on its counterclaim of $276.92.

Section 161 of the Constitution provides:

"The compensation of any city, county, town, or municipal officer shall not be changed after his election or appointment, or during his term of office; nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed."

Appellant urges that this constitutional provision does not apply in his case, because, by ordinance, the city engineer was required to function as superintendent of the waterworks and that the performance of this duty was in the nature of a private undertaking. In support of this position the case of City of Bowling Green v. Kirby, 220 Ky. 839, 295 S. W. 1004, is cited. In. the Bowling Green Case the court said that the operation of a waterworks plant might be conducted as "a private corporation or as an individual subject only to legislative limitations." [page 1009.] The argument is further advanced that the extra $1200 was to be paid Wyatt as an extension of and in addition to his duties as superintendent of the water plant. With this contention we can, not agree.

Under section 3558 of the Statutes and from the portions of the ordinances of the city of Danville quoted herein, it is clear that the city engineer was to perform all of the engineering services for the city. The work done by Wyatt in preparing plans and specifications for the improvements to the water plant, and the supervision of the work, was clearly engineering work. His annual salary was fixed at $3600, one-half of which was charged against the water plant. One of his duties under the ordinances was to superintend the plant. We have frequently held that, while the duties of an officer may be increased or decreased during his term of office, his compensation may not be changed during his term under sections 161 and 235 of the Constitution. Greene v. Cohen, 181 Ky. 108, 203 S. W. 1077; Olive v. Coleman, 228 Ky. 127, 14 S. W. (2d) 404; Pursifull v. Taxpayers' League of Bell County, 257 Ky. 202, 77 S. W. (2d) 783; Greenup County v. Spears, 259 Ky. 114, 81 S. W. (2d) 905; Jackson County v. Madden, 271 Ky. 535, 112 S. W. (2d) 986; Shannon, Auditor, etc., v. Combs, 273 Ky. 514, 117 S. W. (2d) 219. We are forced to the conclusion, therefore, that the ordinance under which the city sought to pay Wyatt $1200 as engineer and agent on the project to improve and extend its water plant over and above his annual salary of $3600 was void, and that no payments could be made to him for the performance of such services, since his duties as city engineer included all of the engineering services for the city. Nor could Wyatt look to the void ordinance for compensation for any services which he might

have rendered subsequent to December 31, 1935, when his two year term ended. Any compensation to which he might have been entitled for the short period he continued to serve as city engineer after the end of his regular term would depend upon the arrangements he had with the city for the performance of such work.

Judgment affirmed.