## WEHRMAN v. WEGENER.

Court of Appeals of Kentucky.

Jan. 15, 1954.

Rehearing Denied March 12, 1954.

Sawyer A. Smith, Charles S. Adams, William J. Deupree, Covington, for appellant.

Stuard Wegener, Covington, for appellee.

CLAY, Commissioner.

This suit was brought by appellee for the benefit of Kenton County to recover from appellant, the former County Attorney of that county, the sum of $900. This sum is made up of three amounts paid by appellant to a pro tem. county attorney in the years 1944 and 1945.

The basis of the claim is that KRS 69.275 fixed the maximum salary in those years for the office of the county attorney at $5,000 and that appellant actually collected and retained $5,900. The trial court adjudged that appellant reimburse the county for the excess over $5,000. The record does not suggest any impropriety on the part of appellant in making the $900 payment to the pro tem. county attorney or in retaining the full amount to which he considered himself entitled. The question is one of statutory and constitutional law.

Prior to 1942 and at a time when appellant held the office of county attorney, KRS 69.270 authorized him to appoint a suitable attorney to act for him under specified circumstances and the compensation of the

856

appointee was provided in the statute. At that time appellant was entitled to collect as his salary the full constitutional limit of $5,000, and the compensation of his appointee was in addition thereto.

In 1942 KRS 69.270 was repealed and KRS 69.275 was enacted in its place. This latter statute permitted a county attorney to appoint an assistant and further provided:

"in no event shall the total amount of salaries, fees and commissions paid the county attorney and his assistant county attorney acting under the provisions hereof exceed the sum of five thousand dollars in any one year."

It is apparent, and in effect is conceded by appellant, that under this statute (assuming the pro tem. county attorney acted as the "assistant county attorney") the compensation of *both* may not exceed $5,000 per year. However, the contention is made by appellant that the statute changed his compensation during his term of office in violation of Section 161 of the Kentucky Constitution. He presses the point that prior to 1942 he was entitled to receive the full $5,000 per year even if an assistant performed some of the duties of his office and received additional compensation therefor, whereas the 1942 statute, enacted during his term of office, reduced his salary below the $5,000 maximum by the amount paid to his appointee.

■ The trial court took what appears to be the proper view of the question. Appellant's real quarrel is not with the new 1942 statute but with the repeal of KRS 69.270. The repeal of that statute may possibly have had the effect of increasing the duties of appellant's office because appellant may no longer appoint an assistant whose compensation may be paid independently.

It is well settled that the legislature may change the duties of an office without violating the constitutional rights of the officer. Wyatt v. City of Danville, 276 Ky. 629, 124 S.W.2d 1022.

■ The act of the legislature in 1942, KRS 69.275, did not in any way limit appellant's right to collect the full $5,000 maximum per year as his salary. It simply provided that if he wished to avail himself of the services of an assistant, such payment as was made to the latter must be included in computing the maximum allowable compensation of the office. Appellant was not *required* to employ an assistant. Whatever reduction in his maximum salary may have resulted was brought about by his own voluntary act, not by KRS 69.275.

It follows, therefore, that such statute does not violate Section 161 of the Constitution, and appellant must account for such compensation as he retained in excess of the $5,000 maximum prescribed.

■ The question of the statute of limitations, KRS 413.120(1), is raised with respect to the payment of $250 made on July 11, 1944 to the county attorney pro tem. That was more than five years prior to the institution of this action. However, as pointed out by the late trial judge in an excellent opinion, there was nothing improper about this payment on that date. Any cause of action arising in connection therewith in favor of appellee and Kenton County accrued when appellant made his settlement with the county and failed to include this item in computing the $5,000 he was entitled to retain as salary. That date was less than five years prior to the time this suit was brought, and therefore the claim is not barred.

The judgment is affirmed.