## Walker, et al. v. Goode, et al.

(Decided October 4, 1912.)

Appeal from McCreary Circuit Court.

1. Elections—Canvassing Returns—Location of County Seat—Powers of Board Ministerial.—Under the act creating the county of McCreary providing for a board to canvass the returns of an

election to locate the county seat, the powers of the board are purely ministerial, or mathematical; they have no power to sit as a board of contest, although the act provides that the place securing the highest number of legal voters shall be the county seat.

2. Elections—Canvassing Board—Enjoining From Sitting As Contest Board.—The circuit court properly enjoined the board from sitting as a contest board and they were not prejudiced by so much of the order as fixed a day for them to meet and count the votes.

O'REAR & WILLIAMS, R. L. POPE, W. R. CRESS, L. G. CAMP-BELL and D. E. McQUEARY for Goode, et al.

O. H. WADDLE & SONS, JAMES DENTON, DENTON & FLIP-PIN, J. M. SHARP for Walker, et al.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Overruling Motion to Dissolve Injunction.

The county of McCreary was created by an act of the last General Assembly. Section 7 of the act is as follows:

"The seat of government or county seat of said county shall be located at such place as may be selected by the voters of said county. It shall be the duty of the county court of said county, by order entered or record, to call an election to be held, and to direct a poll to be opened at the various voting precincts in said county, which call shall be made as soon after the establishment of the voting precincts by the commission as above directed, as is practicable, and within ninety days after this act shall take effect and be in force. At said election the proposition for locating the county seat shall be submitted to the legal voters of said county. It shall be the duty of the county court, by orders entered of record, to direct the sheriff of the county to advertise the said election and the object thereof for at least thirty days before the day thereof, in all newspapers published in said county, and if none shall be published, therein, then by printed hand-bills posted up at not less than four of the most public places in each precinct and at the door of the building temporarily used for a courthouse. The officers of said election shall be appointed by the county court, and the county court shall also provide for the form of the ballot to be used at such election. It shall be the duty of the officers of said election in each

voting precinct to hold said election for county officers, and said election shall be held during the same hours they are required by law to hold elections, and conducted in all respects under the general election law, except that the county court and the two magistrates residing nearest to the temporary seat of government shall constitute the board for canvassing the returns of said election and certifying the result thereof. The place receiving the highest number of legal votes cast at said election shall be the location of said seat of government or county seat, and the result of such election shall be certified to the county clerk of said county by the said board of canvassers and shall be spread by him on the order-book of his office, and copy thereof mailed to the Secretary of State." See Acts 1912, page 190.

An election was duly held in the county, on September 7, 1912, to locate the county seat, the contest being between Pine Knot and Whitley. On the face of the returns nine hundred and eighty-two votes were cast for Pine Knot and eleven hundred and twenty-two for Whitley. The board of canvassers met on the following Tuesday to canvass the returns and certify the result. The returns had not all come in and the board adjourned until the next day. On the next day, one of the board being sick, they adjourned until Saturday. On that day this suit was brought by certain citizens and taxpayers of the county against the members of the board charging in their petition that unless required by the court to do so the members of the board would fail and refuse to canvass the returns of the election and declare the result as certified by the election officers. Notice was then given that on Saturday the plaintiffs would move the circuit judge to grant them an injunction as prayed in their petition. On Saturday the parties were heard before the circuit judge and two members of the board admitted to him on that hearing that unless specifically enjoined to canvass the returns from the various precincts in the county they would sit as a contesting board to adjudicate and determine as to the validity of the returns of the election; that it was their view that in receiving and considering the returns they had a right to do this, under the statute. The circuit court not so construing the statute granted the injunction as prayed and the defendants have entered a motion before me as judge of the Court of Appeals to dissolve the injunction.

Judges Settle, Carroll and Nunn sat with me on the argument of the motion and all the judges sat with me in the determination of the matter. Our conclusions are as follows:

1. The statute creates a board "for canvassing the returns of said election and certifying the result thereof." In Clark v. McKenzie, 7 Bush, 523, it was held that such a board acts ministerially; that their duties are mathematical and that they simply count the votes as certified from the election precincts. The same rule was declared in Batman v. Megowan, 1 Met., 533. These cases have been regarded as the settled law of the State for many years. The rule they announce is, so far as we know, generally in force in other states. It is true the act provides that the place receiving the highest number of legal votes cast at the election shall be the location of the seat of government or the county seat and the result of the election shall be certified to the county clerk of the county by the board of canvassers; but these words show no intention to enlarge the powers of the board of canvassers. The act provides for their making but one certificate and this they make on "canvassing the returns of the said election." This certificate is to be filed with the county clerk and a copy of it mailed to the Secretary of State. There is no provision for them to hear evidence. They have no power to send for persons or papers. No regulations for a contest before them are provided. They are required simply to certify the result of the election to the county clerk. We, therefore, conclude that it was not contemplated that this board should sit as a board of contest and that the circuit court properly defined their duties in the order which he entered as a board of canvassers to certify the result of the election.

2. The defendants were not prejudiced by the form of the order which the circuit court entered. Under section 476 of the Civil Code the judge in vacation was authorized to make such orders as were necessary to prevent injury to the applicants, and under this section he had authority to enjoin them from going beyond their jurisdiction. If he had simply enjoined them from sitting as a board of contest, the result would have been practically the same as the order which he entered, as they had no right to sit as a board of contest. We do not, therefore, see that they were prejudiced by the

order directing them to meet and canvass the returns in the manner indicated in the order.

The motion to dissolve the injunction is overruled. No other questions than those indicated are now decided.