## Walker, et al. v. Goode, et al.
## Myrick, et al. v. Morgan, et al.
## Myrick v. Hogue.

(Decided May 20, 1913.)

## Appeals from McCreary Circuit Court.

1. Injunction—Temporary Injunction—Reinstatement—Authority of Judge of Court of Appeals.—A judge of the Court of Appeals has power to reinstate, after its dissolution a temporary injunction granted by a circuit court clerk, where notice of the application therefor had been given the opposing party and he had opportunity to, or did, resist such application.

2. Appeal—Injunction—Temporary Injunction—Reinstatement—Notice—Estoppel.—A party, upon an appeal from a final order, cannot object to defects in notice of application for a temporary injunction where, on application to a Judge of the Court of Appeals to reinstate an order dissolving such temporary injunction, he failed to urge such objections.

3. Counties—County Seat—Elections—Constitutional Law.—The provisions of an act creating a county directing the location of the county seat to be determined by a vote of the people of such county, are valid; a provision for holding an election for that purpose, at a time other than at a regular election, is void.

4. Counties—Judges—Elections.—Under the act creating the county of McCreary and directing the county seat to be located as may be determined by vote of the people, it is the duty of the county judge of that county to provide for the form of ballot and give notice of the election. The counting of ballots, the canvassing and certifying of the returns of the election must be conducted as in other elections.

O. A. WADDLE & SONS and DENTON & FLIPPIN for appellants.

O'REAR & WILLIAMS, McQUOWN & BECKHAM, R. L. POPE, W. R. CRESS and L. G. CAMPBELL, D. E. McQUEARY and H. M. KLINE for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Though in a different form, the questions raised upon these appeals have twice been before us. The first time, on a motion to dissolve an injunction; the second time, on a motion to reinstate one. The former of said motions was heard by Chief Justice Hobson; the latter by Justice Miller, but all the members of the court participated in the discussion and consideration of each motion, and the opinions delivered, in disposing of these motions, were concurred in by all the members of the court. The former opinion is found in 149 Ky., 691; and the latter, in 151 Ky., 284.

In the opinion rendered by Chief Justice Hobson but one question was considered, viz.: the right of a board of canvassers to sit as 'a contest board. The chancellor held that such board could exercise no such power and enjoined it from so doing. The opinion, after sustaining this ruling and refusing to dissolve the injunction, closes with these words: "No other questions than those indicated are now decided." This clearly left open for future consideration all other questions that were, or might properly have been, made in that suit.

When the case was before Justice Miller, several questions were raised, which were considered and passed upon in the opinion; and the ruling upon two of said questions is decisive of the questions raised upon these appeals. These indeed, are the only questions involved upon these appeals: first, is a vote taken by the people to determine the location of a county seat, an "election" within the meaning of section 147 of the Constitution; and second, may such an election be held at a time other than that provided by section 148 of the Constitution?

Each of these questions was considered at great length, and the conclusion, as expressed in that opinion, is the careful, deliberate, judgment of six members of this court. The former of said questions was answered in the affirmative; the latter, in the negative. This finding necessarily rendered the election, held on September 7, 1912 for the purpose of taking the sense of the voters of McCreary County as to where the county seat should be located, a nullity; and when the suits came on for final hearing and disposition, the chancellor held said election to be null and void and entered judgment carrying said ruling into effect in each of the three suits growing out of said election.

Counsel for appellants practically concede that the opinion in the case of Morgan v. Goode, 151 Ky., 284, if accepted as authority, is decisive of the questions raised

upon these appeals, but, it is argued, that such opinion is *extra-judicial* that there was no authority in law for submitting to Justice Miller the question of the correctness of the ruling of the chancellor in dissolving the temporary injunction issued by the clerk. This argument is based upon the idea that a judge of this court is without authority to pass upon, or review, the ruling of a chancellor in dissolving a temporary injunction which has been issued by a clerk without notice. The correctness of this position depends upon whether or not notice had been given the opposing party, before application was made for a temporary injunction. The question might properly have been raised when the motion to have the injunction reinstated was made before Justice Miller, but it was not, and its determination now can be of no service in deciding the questions under consideration, but, in fairness to Justice Miller, it may be said, in passing, that the record in the case as presented to him shows that notice was given prior to the application for an injunction of the intended application, and the record further shows that it was an injunction and not a temporary restraining order that was issued. It is clear that notice of the application was served upon the opposing party, and while it may be that this notice was not sufficient, in that it was not served a reasonable length of time before the application was made, still it is apparent that it was executed; and any defect in this particular was waived, for the application for the injunction was evidently resisted, or at least an opportunity was given to do so. Justice Miller, under the state of the record, was fully justified in believing that it was a temporary injunction and not a restraining order that he was asked to reinstate, and counsel for appellants having appeared before Justice Miller and argued the case at length without objecting to the sufficiency of the notice are now in no position to claim that the opinion rendered by him, in disposing of said motion, is extra-judicial. But, whether extra-judicial or not, the fact remains that Justice Miller and five other members of this court considered and passed upon the identical questions here raised. The conclusions expressed in that opinion represent the deliberate judgment of six members of this court. Upon careful reconsideration, we adhere to the conclusions there reached, and hold that, for the reasons stated at length in said opinion, the election of September 7, 1912 was void. It necessarily follows that so much of the act, creating the County of McCreary, as directed an election to be held

in said county, within ninety days after said act became operative or went into effect, is void; that provision requiring the selection of the place, where the county seat shall be located, to be left to the vote of the people, is valid. It is the duty of the county judge to order and direct that this question be submitted to the voters of McCreary County, at the next regular election, which is Tuesday after the first Monday in November, 1913. This election will be conducted at the same time and places and by the same officers who conduct the regular election. The county judge will provide for the form of the ballot and see that the notice of election provided for in the act is given publicity in the manner and for the length of time required by the act. Care should be taken to see that these provisions of the act are fully complied with, in order that the people of that county may be given an opportunity freely and fairly to express their choice on this question. The votes at each precinct must be counted and certified by the officers of election for said precinct, and the result in the county be canvassed and certified by the County Board of Election Commissioners for McCreary County, as in other cases.

Judgment in each of these consolidated cases affirmed.