## Ginsburg, Mayor, et al. v. Giles.

(Decided June 6, 1934.)

ARTHUR RHORER for appellants.
CHAS. E. HERD for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The city of Middlesboro, a city of the third class, is operating under a commission form of government under section 3480b-1 et seq., Kentucky Statutes.

Ike Ginsburg, as mayor, and H. B. Stallard and John S. Burch, as commissioners, of the city, on May 15, 1934, at a regular meeting of the board of commissioners, by virtue of the authority vested in them by section 3480b-23, on a petition signed by a number of the voters residing within the city exceeding 25 per cent. of the total number of votes cast for both candidates at the last preceding regular election for mayor, stating the residence of each signer and verified as to signatures and residences by the affidavits of one or more persons, protesting against the passage of an ordinance theretofore adopted authorizing a certain loan agreement of the city with the United States government, looking to the construction of a municipal power and light system for the city, adopted an ordinance calling an election to be held in the city on June 16, 1934, submitting to the voters of the whole city the question whether the loan agreement with the United States government shall go into effect.

The constitutional validity of the ordinance directing the holding of the election was assailed by Henry R. Giles, in a petition filed in the Bell circuit court against

the board of commissioners and the city. The board of commissioners and the city filed a general demurrer to the petition, which was overruled by the court; they declined to plead further, elected to stand by their demurrer to the petition, and prayed an appeal. They are now here on appeal.

The sole question presented is whether the calling of the election directed in the ordinance is within the inhibition of section 148 of the Constitution. This section has often been presented for construction. We have uniformly held it must be read and construed with section 147 of the Constitution.

An "election" is universally defined as being the expression of a choice by the voters of a body politic. McKinney v. Barker, 180 Ky. 526, 203 S. W. 303, L. R. A. 1918E, 581. Section 147 defines the word "elections" thuswise:

"The word 'elections' in this section includes the decision of questions submitted to the voters, as well as the choice of officers by them."

Section 148 reads:

"Not more than one election each year shall be held in this state or in any city, town, district, or county thereof, except as otherwise provided in this Constitution. All elections of state, county, city, town, or district officers shall be held on the first Tuesday after the first Monday in November * * *."

The phrase "except as otherwise provided in this Constitution," in section 148, suggests the inquiry as to what other elections are otherwise provided in the Constitution. We find four kinds of elections "otherwise" so provided: Section 61 provides that local option elections may be held on a day other than the regular election days; section 152, vacancies in the General Assembly may be filled at a special election; section 155 provides section 148 shall not apply to the election of school trustees and other common school district elections; and section 157a provides that the county may incur an indebtedness not exceeding 5 per cent. of the taxable property therein when the question is submitted to the voters of the county for their ratification or rejection at a special election held for that purpose "in such manner as may be provided by law."

It will be noticed that section 147, which defines the term "elections," also contains this clause:

"In all elections by persons in a representative capacity, the voting shall be viva voce and made a matter of record; but all elections by the people shall be by secret official ballot, furnished by public authority to the voters at the polls, and marked by each voter in private at the polls, and then and there deposited."

This is a general provision applying and controlling all elections by the people, called and held under the Constitution, including the decisions of questions submitted to the voters as well as the choice of officers by them, and the elections held under sections 61, 153, and 157a.

The board of commissioners and the city contend that the election authorized to be held by the ordinance of May 15th is not embraced by section 148 of the Constitution, because the election called under it will be the only election held in the city and Bell county in 1934, except to elect a member of Congress. Section 3480b-23 contains this language:

"If such ordinance be not then repealed the board shall submit to the voters of the whole city, at either a special or regular election, according to law," the question whether the ordinance shall "go into effect, and if the majority of the votes cast upon such question be in the negative the ordinance shall not go into effect, or if the majority of the votes cast upon such question be in the affirmative, the ordinance shall go into effect as soon as the result is officially ascertained and declared."

It will be observed that this clause of section 3480b-23 expressly confers the power upon the board of commissioners to submit the proposed question at a special election or a regular election, "according to law," and when this shall have been done the ordinance shall or shall not go into effect according to the votes cast upon the question being in the negative or affirmative when the result is officially ascertained and declared.

The commissioners under this statute, by its language, are not vested with the power to use their discretion to adopt or reject the ordinance, after the result of the election is so ascertained and declared. The submission of the question embraced in the ordinance to

the voters of the city is not submitted for an advisory purpose. It is a referendum measure in every sense of the term.

The effect of section 3480b-23, after the question shall have been submitted to a vote of the people, is that thereafter all authority and discretion of the board of commissioners is terminated over the ordinance proposing the question submitted to the people. An election called and held under section 3480b-23, is embraced by sections 147 and 148 of the Constitution and as much of section 3480b-23 as provides for the submission of the proposed question to the voters, at a special election held on any day other than that designated by section 148, conflicts therewith, and section 148 must prevail.

It is not permissible for a city to hold an election submitting to the voters a public question on any day other than that fixed by section 148 for the holding the regular annual election, which is the first Tuesday after the first Monday in November of each year; nor for a county to hold a special election submitting a like question to the voters of the county on any day other than the day of the regular November election. Any other construction of section 148 would inevitably lead to the practice of calling elections on public questions on any day fixed in the order or resolution directing it to be called, which prevailed under the Constitution of 1850, to prevent which section 148 of the Constitution of 1891 was adopted. The holding of an election by a governmental unit, for the purpose of submitting to the voters thereof a public question, is in a sense special election, but when held it must be on the day fixed by section 148 —the first Tuesday after the first Monday in November. To construe this section otherwise is to be forgetful of its purposes as they are expressed by its own language.

Section 148 of the Constitution has been uniformly construed by this court to include all elections other than primary elections and the four exceptions we have already indicated, whether the election be held for a "decision of questions" submitted to the voters as well as "the choice of officers" by them. Belknap v. City of Louisville, 99 Ky. 474, 36 S. W. 1118, 18 Ky. Law Rep. 313, 34 L. R. A. 256, 59 Am. St. Rep. 478; Morgan et al. v. Goode et al., 151 Ky. 284, 152 S. W. 584; Walker v. Goode, 153 Ky. 795, 156 S. W. 893; City of Murray v. Irvan et al., 170 Ky. 290, 185 S. W. 859.

An injunction is a proper remedy to prevent the holding of an election which would be void and cause unnecessary and improper expense. A taxpayer or other person who would be injured thereby is entitled to an injunction to prevent the holding of an election. City of Murray v. Irvan et al., supra.

It is apparent it is our conclusion the court properly sustained a demurrer to the petition, and the city and the board of commissioners declining to plead further, it was properly dismissed.

Wherefore, the judgment is affirmed.