## Patterson et al. v. Lawson et al.

(Decided Oct. 19, 1934.)

F. L. HUFF and J. L. DAVIS for appellants.

J. S. FORESTER and J. B. CARTER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

On December 17, 1932, a special election was held in Harlan county for the purpose of taking the sense of the legal voters of the county upon the proposition whether the county should have a fiscal court composed of three commissioners from the county at large and the county judge. A majority of the legal votes cast at the election were in favor of the commission form of government, and the county judge, pursuant to the provisions of section 1847 of the Kentucky Statutes, divided the county into three districts. At the primary election held in August, 1933, candidates for the office of commissioner were nominated, and at the regular election held in November, 1933, R. E. Lawson, E. V. Howard, and S. W. Kelly received the majority of the votes cast for the three commissionerships, and they were issued certificates of election. At the same election eight magistrates were elected in Harlan county. Lawson, Howard, and Kelly qualified as commissioners, and with the county judge, beginning on the first Monday of January, 1934, met and acted as the fiscal court of Harlan county.

On July 31, 1934, the eight duly elected magistrates of Harlan county, suing in their official capacities and as citizens and taxpayers of the county, brought this action against Lawson, Howard, and Kelly to enjoin and restrain them from further acting as members of the fiscal court of Harlan county; from entering into any transactions on behalf of the county; and from interfering with the plaintiffs in the performance of their duties as members of such court. They alleged in substance that they were the duly elected and qualified magistrates from the respective magisterial districts of Harlan county, and as such constituted the fiscal court of the county; that the election held on December 17,

1932, to determine whether or not the county should have a fiscal court composed of three commissioners from the county at large and the county judge was void because another election had been held in the same year, and the Constitution of Kentucky (section 148) provides that only one election shall be held each year, with certain exceptions, and that the election held on December 17, 1932, did not fall within any of the exceptions provided for by the Constitution; that the defendants had taken charge of the fiscal affairs of Harlan county and had been entering into contracts for the county and were interfering with the rights of the plaintiffs who were the duly elected magistrates of the county, and as such were authorized to administer its fiscal affairs.

The defendants filed an answer in which they alleged that they had been elected commissioners of Harlan county; had qualified as such, and since the first Monday in January, 1934, with the county judge, had acted as the fiscal court of the county, and, until the petition was filed on July 31, 1934, none of the plaintiffs had asserted his right to act as a member of the fiscal court; and that, by reason of their failure to file any suit for the possession of the offices for more than three months from the time the defendants entered upon the discharge of their duties as members of the fiscal court, the plaintiffs were without right to maintain the action.

A demurrer to the answer was overruled, and, the case being submitted on the pleadings, a judgment was entered dismissing the petition. The court based its decision on the theory that section 484 of the Civil Code of Practice controlled, and that the plaintiffs had lost their right to maintain the action. Section 484 of the Code reads:

> "It shall be the duty of the several Commonwealth attorneys to institute the actions mentioned in this chapter against usurpers of county offices or franchises, if no other person be entitled thereto, or if the person entitled fail to institute the same during three months after the usurpation."

This, however, is not a suit to prevent the usurpation of an office and is not controlled by sections 480-488 of the Civil Code of Practice. The offices of magistrate and county commissioner are distinct and separate offices, and the defendants, who are the appellees here,

were not attempting to act as magistrates but as commissioners, to which offices they believed they had been elected. The title to the office of magistrate is not in question. Jenkins v. Congleton, 242 Ky. 46, 45 S. W. (2d) 456, is relied upon to sustain the chancellor's judgment, but in that case there was an office to be usurped, and it was held that the action was essentially one to try title to the offices in question and that a private citizen could not maintain an action to try the title to a public office, but the right to maintain such an action was limited by the Code section, supra, to the person entitled to the office, or to the commonwealth. The appellees are not claiming the right to act as the magistrates of Harlan county, but only the right to perform the duties of commissioners. If the election held on December 17, 1932, was void, they are not the commissioners, but merely private citizens attempting to interfere with the magistrates in the performance of their duties.

In Goin v. Smith, 202 Ky. 486, 260 S. W. 10, an election had been held in the city of Frankfort to determine whether or not the commission form of government should be adopted, and a majority of the votes cast in the election were in favor of the proposition. City commissioners were elected, and a suit was instituted by the mayor, administrative officers appointed by him, and a resident taxpayer to enjoin them from assuming the management of city affairs. It was held that the election at which the question of changing the form of the city government was submitted to the voters was void, and that there was no such office as city commissioner of Frankfort, and that therefore chapter 13 of the Civil Code of Practice (secs. 480-488) had no application, since there was no office to be usurped. It was further held that the mayor, the administrative officers appointed by him, and the resident taxpayer could maintain the action.

In Hutchinson v. Miller, 158 Ky. 363, 164 S. W. 961, 962, the question was submitted to the voters of Campbell county at the regular election held in November, 1912, whether "the fiscal court of the county shall be composed of three commissioners, to be elected from the county at large, and the judge of the county court." A majority of the voters of the county voted in favor of the commission form of government, and at the regular election in 1913 three commissioners were elected and

qualified as such. In January, 1914, the magistrates of the county brought suit to enjoin those claiming to be commissioners from in any manner interfering with or disturbing them while acting as the fiscal court of the county upon the ground that the election held in 1912 was void. It was held that the election called to take the sense of the voters of the county on the question whether or not the commission form of government should be adopted was void, and that an injunction was the proper remedy. See, also, Hollar v. Cornett, 144 Ky. 420, 138 S. W. 298, and Hurley v. Motz, 151 Ky. 451, 152 S. W. 248.

We have no difficulty, therefore, in reaching the conclusion that, if the election held on December 17, 1932, was void, the appellants, being the duly elected magistrates of the county, are entitled to act as members of the fiscal court and to maintain an action to enjoin appellees from interfering with them in the discharge of their duties as such. It remains to be determined whether or not the election of December 17, 1932, was void.

Section 148 of the Constitution reads in part:

"Not more than one election each year shall be held in this state or in any city, town, district, or county thereof, except as otherwise provided in this Constitution. All elections of state, county, city, town, or district officers shall be held on the first Tuesday after the first Monday in November"

and section 147, which must be read with section 148, provides that "the word 'elections' in this section includes the decision of questions submitted to the voters, as well as the choice of officers by them."

In Ginsburg, Mayor, v. Giles, 254 Ky. 720, 72 S. W. (2d) 438, 439, a suit was brought by a taxpayer to prevent the holding of an election in the city of Middlesboro on June 16, 1934, submitting to the voters of the city the question whether an ordinance authorizing a certain loan agreement of the city with the United States government should go into effect, and it was held that the election was within the inhibition of section 148 of the Constitution. After pointing out the four kinds of elections excepted from the provisions of section 148 and that the election there in question did not fall within any of the exceptions, the opinion continued:

"It is not permissible for a city to hold an election

submitting to the voters a public question on any day other than that fixed by section 148 for the holding the regular annual election, which is the first Tuesday after the first Monday in November of each year; nor for a county to hold a special election submitting a like question to the voters of the county on any day other than the day of the regular November election. Any other construction of section 148 would inevitably lead to the practice of calling elections on public questions on any day fixed in the order or resolution directing it to be called, which prevailed under the Constitution of 1850, to prevent which section 148 of the Constitution of 1891 was adopted. The holding of an election by a governmental unit, for the purpose of submitting to the voters thereof a public question, is in a sense special election, but when held it must be on the day fixed by section 148—the first Tuesday after the first Monday in November. To construe this section otherwise is to be forgetful of its purposes as they are expressed by its own language.

"Section 148 of the Constitution has been uniformly construed by this court to include all elections other than primary elections and the four exceptions we have already indicated, whether the election be held for a 'decision of questions' submitted to the voters as well as 'the choice of officers' by them. Belknap v. City of Louisville, 99 Ky. 474, 36 S. W. 1118, 18 Ky. Law Rep. 313, 34 L. R. A. 256, 59 Am. St. Rep. 478; Morgan et al. v. Goode et al., 151 Ky. 284, 152 S. W. 584; Walker v. Goode, 153 Ky. 795, 156 S. W. 893; City of Murray v. Irvan et al., 170 Ky. 290, 185 S. W. 859.''

In Hutchinson v. Miller, supra, it was held that an election called pursuant to the provisions of section 1847 of the Statutes could be held only at a general election for county officers, and, if held at any other time, was void. At the time the Hutchinson Case was decided, section 1847 of the Statutes provided that the question "whether the fiscal court of the county shall be composed of three commissioners, to be elected from the county at large, and the judge of the county court,'' should be submitted to the qualified voters of the county at the next general election to be held for county officers after the filing of the required written petition.

In 1920 the Legislature passed an act known as

chapter 115 of the Acts of that year, and entitled "An Act to repeal, amend and re-enact Section 1847, Kentucky Statutes, Carroll's Edition 1915, relating to commissioners to constitute fiscal courts, and providing for special election therefor." That act provided that, upon an application by written petition signed by one hundred legal voters of the county, "it shall be the duty of the judge of the county court in such county at the next regular term thereof after receiving said petition to make an order on his order book directing an election to be held in said county to be affected thereby, * * * not earlier than sixty days after said application is lodged with the judge of the said court, which order shall direct the sheriff of the county, or officer of the said county who may be appointed to hold said election, to open the polls at each and all of the voting precincts in said county for the purpose of taking the sense of the legal voters of such county, who are qualified to vote at elections for county officers, upon the proposition whether said county shall have a fiscal court composed of three commissioners from the county at large with the county judge."

It is argued that section 1847 as it now reads is unconstitutional since it provides for the holding of an election at a time not permitted by section 148 of the Constitution. Prior to the amendment of 1920, the question of whether a commission form of government should be adopted by a county could be submitted only at a general election at which county officers were elected, and, after a majority of votes were cast in favor of the commission form of government, commissioners could not be elected until four years thereafter. The amendment of 1920 was passed to enable the counties to adopt the commission form of government and elect the commissioners more promptly. Under section 1847, the question of the adoption of the commission form of government by a county may be submitted to the voters at a regular November election, and section 148 of the Constitution will not be violated.

If it is possible to do so, a statute will be construed to be constitutional. When the constitutionality of a statute is questioned, it is the duty of the courts to adopt such construction as will make the statute constitutional if its language will permit, and, where an act is fairly susceptible of two constructions, one of which will uphold its validity while the other will render it unconsti-

tutional, the one which will sustain the constitutionality of the law must be adopted. Commonwealth v. International Harvester Co., 131 Ky. 551, 115 S. W. 703, 133 Am. St. Rep. 256. Applying this rule of construction to section 1847 of the Statutes, that section does not conflict with section 148 of the Constitution, but the elections provided for therein must be held on the day the regular November election is held.

Since the election at which was submitted the question whether the fiscal court of Harlan county should be composed of three commissioners, elected from the county at large, and the county judge, under which appellees are claiming the right to act as commissioners, was held on a day not permitted by section 148 of the Constitution, it was void, and the offices of commissioners of Harlan county were not legally created.

The judgment is reversed, with directions to sustain the demurrer to the answer and to adjudge the plaintiffs the relief sought in their petition.